Albert Hirsch, Appellant, *v.* Zurich General Acci-
dent and Liability Insurance Company, Ltd.,
Respondent.

(Supreme Court, Appellate Term, First Department, November,
1916.)

Actions — for services of physician — when not maintainable — state
industrial commission — Workmen's Compensation Law, § 26.

Where the state industrial commission upon approval of a
physician's bill for services to an injured employee gives no
direction respecting the manner of payment, an action by the
physician is not maintainable directly against the employer's
insurer as under section 26 of the Workmen's Compensation
Law the claim can only be enforced by an action instituted
by the commission in the name of the people of the state.

Appeal by plaintiff from a judgment of the Munic-
ipal Court of the city of New York, borough of Man-
hattan, seventh district, setting aside a verdict in
favor of plaintiff and dismissing the complaint.

Almy, Van Gordon, Evans & Kelly (William S.
Evans, of counsel), for appellant.

Alfred W. Andrews, for respondent.

Guy, J. The plaintiff is a physician who rendered
services as such to one Tartrax, an employee of the
California Wine Cellars, who had been injured in the
course of his employment, and the suit is against the
defendant, the insurer of the employer under the
Workmen's Compensation Law, to recover for the
value of the services as fixed by the state industrial
commission.

The complaint was properly dismissed.

While under section 13 of the Workmen's Compensation Law if an employer, as may be assumed in this case, fails to provide medical treatment for his injured employee, the latter may do so at the expense of the employer, it is further provided, by section 24, that claims for such services shall not be enforcible unless approved by the commission and that " if so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the commission." And under section 26, as amended April 1, 1915, if payment of compensation be not made by the employer within ten days after the same is due the insurance carrier shall be liable therefor, and if not paid within ten days after demand by the injured employee, or, in case of death, his dependents. or by the commission, the amount of such payment shall constitute a liquidated claim for damages against the self-insurer or insurance corporation, which with an added penalty of fifty per centum may be recovered in an action " *to be instituted* by the commission in the name of the people of the state."

The complaint alleges that the defendant undertook to pay any awards made by the commission to any employee. The only action which appears to have been taken by the commission was on July 9, 1915, when " this case came up for consideration of the doctor's bill. Dr. Albert Hirch was present and his bill was approved at $74." This was merely an approval by the commission of the plaintiff's bill to the amount stated, and it does not appear that any compensation had been awarded to the employee.

If the approval of the plaintiff's bill can be considered an award to that extent, then under the statute, as before noted, " such claim or claims shall become a lien upon the compensation awarded, but

shall be paid therefrom only in the manner fixed by the commission;'' and it does not appear that the commission has given any direction respecting the manner of the payment of the plaintiff's fees. *Bloom v. Jaffe*, 94 Misc. Rep. 222.

But assuming that no condition remains to be performed to make the plaintiff's claim enforcible against the defendant insurer, it was apparently the intention of the legislature that the enforcement of such claim should be effected not by an action by the employee or by the physician, but by an action '' *to be instituted* by the commission in the name of the people of the state.'' The object of the statute was to secure for injured employees compensation for injuries without subjecting them to the expense of litigation, and that object could not be accomplished if provision was not made for enforcing the decrees of the commission other than at the suit of the employee or persons standing in the right of the employee.

It may not be amiss to add that since the trial in this case section 26 has been amended (Laws of 1916, chap. 622, taking effect June 1, 1916), by providing that the decision of the commission, after thirty days' default in the payment of the award, may, in case no appeal has been taken therefrom, be filed with the county clerk of the county in which the injury occurred, and thereupon judgment must be entered in the Supreme Court in conformity with the decision immediately on the filing thereof, from which judgment there shall be no appeal.

The judgment should be affirmed, with fifteen dollars costs.

Bijur and Shearn, JJ., concur.

Judgment affirmed, with fifteen dollars costs.