MARY SEMMEN, Respondent, *v.* BUTTERICK PUBLISHING COMPANY, Appellant.

(Supreme Court, Appellate Term, Second Department, September, 1917.)

Workmen's Compensation Law, § 13 — employee may not maintain separate action to recover from employer — services — statutes.

Under section 13 of the Workmen's Compensation Law, an injured employee may not maintain a separate and independent action to recover from an employer who neglects or refuses, after due request, to provide any of the medical, surgical or hospital services referred to in said statute.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fourth district, rendered June 25, 1917, in favor of the plaintiff for $185.40 damages and costs, after a trial by the court and a jury, and from an order entered on June 29, 1917, denying defendant's motion to set aside the verdict and for a new trial.

Burt L. Rich, for appellant.

Sidney A. Clarkson, for respondent.

BENEDICT, J.   This is an action for $164.40 claimed to have been expended by plaintiff for medical services, hospital charges and medicines, required on account

Appellate Term, Second Department, September, 1917.    [Vol. 101.

of personal injuries sustained by her while employed in defendant's factory. The answer was a partial denial. On the trial, before the court and a jury, there was a verdict for the plaintiff for $164.40, upon which judgment was rendered on June 25, 1917. Defendant appeals from the judgment and from an order denying its motion for a new trial.

Section 13 of the Workmen's Compensation Law, under which the plaintiff claimed the right to maintain this action, provides as follows:

" *Treatment and care of injured employees.*— The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus as may be required or be requested by the employee, during sixty days after the injury. If the employer fail to provide the same, the injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so. All fees and other charges for such treatment and services shall be subject to regulation by the commission as provided in section twenty-four of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living."

As I read this section there is no authority for bringing a separate and independent action by an injured employee in the courts of the state to recover from an employer who neglects or refuses, after due request, to provide any of the medical, surgical or hospital services referred to in the act. The Workmen's Compensation Law, as enacted by chapter 816 of the Laws

of 1913, placed employers and employees on a new and
different basis with respect to compensation for in-
juries to the employee happening through accident and
without regard to fault from any previous law or
statute. It was devised to afford to employees a
speedy hearing, and an inexpensive and final adjudi-
cation of claims for disability or death while engaged
in the discharge of their duties or in the course of
their employment, " without regard to fault as a cause
of injury." The act was not intended, as was the
case with the employer's liability clauses of the Labor
Law, as an auxiliary to, or extension of, the common-
law rights of the employee. On the contrary, it oper-
ates to the exclusion of the common-law rights and
liability of master and servant in so far as it extends
to accidental injuries sustained by the employee while
engaged in any of the various sorts of hazardous em-
ployments which are mentioned in the statute. The
two remedies do not coexist nor proceed *pari passu.*
Compensation given by the Compensation Act cannot
be supplemented by compensation afforded by the
courts of common-law jurisdiction. Hence, unless
compensation for personal injuries be held not to
embrace compensation for the expense incurred by
the injured employee in his efforts to regain health,
there can be no separate recovery by action in the
courts on account of such expense. It must be recov-
ered as a part of the compensation awarded by the
commission. That this is so, I think, is plainly indi-
cated by the definition of " compensation" as con-
tained in the statute itself, section 3, paragraph 6,
where it is said to be " the money allowance payable
to an employee or to his dependents as provided for in
this chapter, and includes funeral benefits provided
therein." Furthermore, by section 13 it is provided
that: "All fees and other charges for such treatment

Appellate Term, Second Department, September, 1917.    [Vol. 101.

and services shall be subject to regulation by the commission as provided in section twenty-four of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living.'' The provision of section 24 is that '' claims for services or treatment rendered or supplies furnished pursuant to section thirteen of this chapter, shall not be enforceable unless approved by the commission. If so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the commission.''

Reading these provisions together it seems to me that the legislature intended to invest the commission with full power over such claims and with full power to '' enforce '' them in the manner provided for the enforcement of payments in default, contained in section 26.

If this were not the intention I think the legislature would have indicated that these claims, when approved by the commission, should be enforcible by action in the courts possessing common-law jurisdiction. Otherwise the employer is shut out of any defense to such an action, if brought in these courts, since the claims, when once approved by the commission, appear to be incontestable and collectible not by virtue of execution, but payable from the compensation upon which they, by force of the statute, are made a specific lien.

These views are, I think, supported, if not by authority, at least by reason and analogy. In *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, Judge Miller, all the judges concurring, says: '' The scheme of the statute is essentially and fundamentally one by the creation of a state fund to insure the payment of a prescribed compensation based on earnings for disability or death from accidental inju-

ries sustained by employees engaged in certain enu-
merated hazardous employments.  *  *  *  By insur-
ing in the state fund, or by himself or his insurance
carrier paying the prescribed compensation, the em-
ployer is relieved from further liability for personal
injuries or death sustained by employees.  Compensa-
tion is to be made without regard to fault as a cause
of the injury  *  *  *.  Compensation is not based on
the rule of damages applied in negligence suits *but in
addition to providing for medical, surgical or other
attendance or treatment and funeral expenses* [italics
ours] it is based solely on loss of earning power [page
519].  *  *  *  When he enters into the contract of
employment, he is now assured of a definite compensa-
tion for an accidental injury occurring with or without
fault imputable to the employer and is afforded a
remedy, which is prompt, certain and inexpensive.  In
return for those benefits he is required to give up the
doubtful privilege of having a jury assess his dam-
ages, a considerable part of which, if recovered at all
after long delay, must go to pay expenses and lawyers'
fees.''  Page 527.

In *Matter of Walker* v. *Clyde Steamship Co.,*
215 N. Y. 529, 531, the same judge remarked: '' The
remedy provided by the Workmen's Compensation
Act is a substitute for the common-law remedy.''  He
held that it operated as an exemption of all employers
who complied with its requirements from suits at com-
mon law.

In *Miller* v. *New York Railways Co.,* 171 App. Div.
316, in considering this act, Mr. Presiding Justice
Jenks, in construing section 29, providing for an elec-
tion of remedies in the special case therein mentioned,
held that the employee's decision to accept the com-
pensation under the act constituted an election of
remedies and estopped him from any other remedy,
and he quoted from *Birdsall* v. *Coolidge,* 93 U. S. 64,

19

Appellate Term, Second Department, September, 1917.    [Vol. 101.

for a definition of compensation, where the court says:
" Damages are given as a compensation, recompense
or satisfaction to the plaintiff for an injury actually
received by him from the defendant. Compensatory
damages and actual damages mean the same thing;
that is, that the damages shall be the result of the
injury alleged and proved, and that the amount
awarded shall be precisely commensurate with the
injury suffered, neither more nor less, whether the
injury be to the person or estate of the complaining
party. 2 Greenleaf on Evidence (10th Ed.) sect. 253."

I think it cannot be supposed that the legislature
intended to split the compensation for an injury into
two parts, one recoverable according to the course of
the common law, the other exclusively enforcible
through the provision of the statute. In section 20 of
the act it is provided that, " The decision of the com-
mission shall be final as to all questions of fact, and,
except as provided in section twenty-three, as to all
questions of law." If the compensation commission
err in the decision on the application made to it, such
error can only be corrected upon an appeal to the
Appellate Division of the Supreme Court in the third
department. Its decision upon questions of fact is,
unless reversed in that court, *res judicata* between the
parties. See *Naud* v. *King Sewing Machine Co.,* 95
Misc. Rep. 676.

In *Bloom* v. *Jaffe,* 94 Misc. Rep. 222, the Appellate
Term in the first department held that the physician
who held an assignment from an employee of the por-
tion of the award which was included as compensation
for medical services could not maintain an action
against the employer. The court, speaking through
Lehman, J., says: "As part of this compensation it
provides in section 13 for medical service at the ex-
pense of the employer, and where the employee has.

been compelled to procure such service himself the law makes provision for the inclusion of a claim for such service in a proper case in the award made to the employee.  The primary purpose of the statute is not, however, to provide compensation to the physician, but solely to provide compensation to the injured employee for such medical service as the law permits him to procure at the expense of the employer.''  See, also, to the same effect *Hirsch* v. *Zurich General Accident & Liability Ins. Co.*, 97 Misc. Rep. 360.

For these reasons I advise that the judgment and order appealed from be reversed and the complaint dismissed, but, as this phase of the case was not presented by the appellant, the reversal should be without costs.

Clark and Jaycox, JJ., concur.

Judgment and order reversed, without costs.