Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SAMUEL GOLDFLAM, Respondent, for Compensation under the Workmen's Compensation Law, v. KAZEMIER & UHL, INC., Employer, and UNITED STATES CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1917.

**Workmen's Compensation Law — jurisdiction of State Industrial Commission to make award for medical services paid by employee — request to employer to furnish medical services prerequisite to validity of claim by employee therefor.**

The State Industrial Commission has jurisdiction under the Workmen's Compensation Law to make an award to an injured employee for a payment by him for medical services rendered to him within sixty days after an injury sustained in the service of his employer.

It is only where the employer fails to provide a physician after a request by the employee that the latter may employ a physician at the expense of his employer.

Under section 13 of the Workmen's Compensation Law, a request to the employer to furnish medical services is a prerequisite to the validity of a claim by the employee therefor.

APPEAL by the defendants, Kazemier & Uhl, Inc., and another, from an award of the State Industrial Commission,

entered in the office of said Commission on the 1st day of November, 1917.

*William H. Hotchkiss,* for the appellants.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

This appeal involves the question of the jurisdiction of the State Industrial Commission, under the Workmen's Compensation Law, to make an award to an injured employee for medical services paid by him and rendered to him within sixty days after an injury sustained in the service of his employer. (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 13.)

We think such jurisdiction exists. It was so held in *Semmen* v. *Butterick Publishing Company* (101 Misc. Rep. 285), the reasoning in which case we approve. A repetition of the reasons there stated would be superfluous. In addition to the authorities cited in the opinion in that case, attention may be called to the cases of *Shanahan* v. *Monarch Engineering Company* (219 N. Y. 469), and *Matter of Skoczlois* v. *Vinocour* (221 id. 276), which by implication seem to support this claim of jurisdiction.

But the award in this instance has been improperly made because the claimant did not request the employer to furnish medical services. Section 13 expressly makes such request a prerequisite to the validity of a claim by the employee against his employer. It is not contended that the circumstances were such that the employee could not make the request and the plain provision of the statute stands, therefore, as a bar to the claim. It is only where the employer fails to provide a physician after a request by the employee that the latter may employ a physician at the expense of his employer.

The award should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.