ZAMA FELDSTEIN, Respondent, *v.* BUICK MOTOR COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, January Term — filed April, 1921.)

Physicians and surgeons — when employer of injured employee liable for physician's services — section 13 of the Workmen's Compensation Law has reference only to fees incurred by workman for medical treatment.

The claim of a physician for professional services rendered at the request of defendant's superintendent, to several of defendant's employees, who were injured in the course of their employment, is not a part of the injured workmen's claim under the Workmen's Compensation Law.

The physician still retains the right to prosecute his claim by an action, and where neither the rendition of the services nor the reasonable value thereof is disputed, a judgment in favor of plaintiff for the amount claimed will be affirmed.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of

Manhattan, fifth district, in favor of the plaintiff after trial by the court without a jury.

Alfred W. Andrews (Philip J. O'Brien and James M. Baird, of counsel), for appellant.

Cohen Brothers (Lawrence B. Cohen and Jacob Shientag, of counsel), for respondent.

WAGNER, J.   This action was brought by plaintiff, a physician, to recover the reasonable value of professional services he rendered at the request of defendant's superintendent to several of defendant's employees who were injured in the course of their employment.   The defendant resisted the claim, contending that under the Workmen's Compensation Law the plaintiff's exclusive remedy to recover the money value of his services was by application to the industrial commission upon whom the law imposed the duty of fixing plaintiff's fees, hence the Municipal Court had no jurisdiction over an action of this character.

There was no dispute as to the rendition of the services nor as to their reasonable value.   Unconvinced by defendant's legal contention the court below rendered judgment for plaintiff, from which judgment and an order denying a motion for a new trial, this appeal is taken.

The Compensation Law requires that an injured employee be given necessary medical services when injured in the course of his employment.   That duty primarily falls upon the employer.   If he refuses the employee's request for such aid or neglects to furnish the proper service, the employee may select his own physician.   Workmen's Compensation Law, § 13.   Manifestly, therefore, the defendant here was legally obligated to furnish the services to its injured

employees for the value of which plaintiff seeks to recover in the instant case.

May he enforce his claim by an action at common law or is he by statute law restricted to an application before the industrial commission for the fixation of his fees?

In support of his contention that plaintiff can enforce his claim only by application to the industrial commission, the defendant cites us the case of *Semmen* v. *Butterick Publishing Co.*, 101 Misc. Rep. 285. In that case an employee sued the employer for a sum of money claimed to have been expended for medical services required because of injuries sustained while employed in defendant's factory. The court held that the employee, where the employer refused or neglected to provide medical aid, could not begin an independent action at common law to recover his expenditures; that the compensation law did not extend the common-law rights of the employee, but that " it operates to the exclusion of the common law rights and liability of master and servant in so far as it· extends to accidental injuries sustained by the employee while engaged in any of the various sorts of hazardous employments which are mentioned in the statute." That compensation given by the act cannot be supplemented by compensation afforded by the courts of common-law jurisdiction. And since expense incurred by the injured employee in his efforts to regain his health is embraced or included in his award no separate recovery by action can be had. Section 24 provides that claims for such services shall not be enforced unless approved by the commission and section 26 provides for the enforcement of such claim by the commission.

" Reading these provisions together," the court said, " it seems that the legislature intended to invest

the commission with full power over such claims and with full power to enforce them.''

The facts and the law involved in the *Semmen* case have no application to the case at bar. Here the employer contracted for plaintiff's services, not the employee. Here the physician is endeavoring to enforce his claim against the employer. In the *Semmen* case the employee attempted in an action at common law to enforce her claim for medical services against her employer who had refused to provide any.

My investigation has failed to disclose any case in which the precise question here presented has been passed upon nor has counsel cited us any apposite authorities.

It is a '' tiresome truism '' to assert that the Workmen's Compensation Law was passed as its name indicates for the benefit of workingmen. The common law of employers' liability, together with its statutory modifications, the legislature deemed inapplicable to modern industrial conditions. The common experience of the workman who had been injured in his employment constituted reprimand and condemnation of the insufficient remedies of the common law. By these primitive rules of presumption he was more often presumed out of the court than a proper regard for humanity should tolerate.

Such a system of jurisprudence was so adverse to human sentiment and so fundamentally wrong that the legislature resolved to correct it by the enactment of the Compensation Act. Thereafter a workman was to receive damages for his injuries whether the employer or employee was at fault. The amount to be paid was dependent only upon the extent and duration of the disability and the earning power of the workman. Thus the uncertainty and expense of litigation were eliminated. The legislature was con-

Appellate Term, First Department, April, 1921.    [Vol. 115.

cerned only with the injured employee's welfare and compensation. It provided a new and exclusive method of assessing and collecting his damages, including his medical expenses. It was not concerned with claims against employers by other than injured workmen, even though the services for the payment of which claim is made were rendered because of duties imposed upon him by the Workman's Compensation Law.

Reading section 13 in the light of the legislative intent and purpose, it seems clear that the sentence "All fees and other charges for such treatment and services shall be subject to regulation by the commission as provided in section twenty-four of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living," has reference only to fees and charges incurred by the workingman for medical treatment where the employer refuses or neglects to provide such treatment.

This is the more clearly indicated by a reading of section 24. That section provides for the approval of the value of the services by the commission and the inclusion of the charge as part of the workman's award, showing convincingly that it is the charge incurred by the employee and not the employer that is subject to regulation by the commission.

No attempt to regulate private arrangements entered into between the employer and the physician he might select is either expressly made or by implication to be spelled out of its provisions, and wisely so for in no way could that be a matter of public concern. Nor is there any plan or schedule set forth for enforcement thereof. Recourse to a court of law, therefore, follows as the sole remedy in the absence of a proper,

expressed and comprehensive provision for enforcement under the act.

It is clear, therefore, that where the physician's claim is based solely on an agreement with the employer and is not a part of the injured workman's claim for compensation, the compensation commission is without legal authority to fix the fee and enforce it, and the physician still retains his right to prosecute his claim in a common-law action. The court below therefore had jurisdiction to determine the claim and the judgment is accordingly affirmed, with twenty-five dollars costs.

McCook, J., concurring in the result.

Judgment affirmed, with twenty-five dollars costs.