CHARLES WEINREB, Respondent, *v.* HARLEM BAKERY & LUNCH
ROOM, INC., Appellant.

First Department, January 26, 1923.

Contracts — action by physician to recover for services rendered to
employee at request of employer — Workmen's Compensation Law, §§ 13
and 24, does not deprive court of jurisdiction or bar action at law.

An action by a physician against an employer to recover the reasonable value
of his services rendered at the employer's request to an employee who suffered
an injury arising out of and in the course of his employment, may be maintained
at law, and sections 13 and 24 of the Workmen's Compensation Law do not
deprive the court of jurisdiction thereof nor bar the action.

APPEAL by the defendant, Harlem Bakery & Lunch Room, Inc.,
from a determination of the Appellate Term of the Supreme
Court, First Department, dated the 14th day of March, 1922,
affirming a judgment of the Municipal Court of the City of New
York, Borough of Manhattan, Third District, in favor of the
plaintiff.

*Frederick Mellor* [*John B. Coughlin* of counsel], for the appellant.

*Samuel Weinreb*, for the respondent.

PAGE, J.:

The action was brought by a physician against the defendant
to recover the reasonable value of his services rendered at the
defendant's request to one Kozower, who was injured on January
17, 1921, while in the defendant's employ and during the course of
his employment.  The answer, in addition to a general denial, set
up two separate and distinct defenses: (1) That the court did not
have jurisdiction of the action, as the Workmen's Compensation Law
confers exclusive jurisdiction on the Compensation Commission
[State Industrial Board] to determine the value of physician's charges
in such cases; (2) that this action was barred by the Workmen's
Compensation Law.

So far as material to this case, section 13 of the Workmen's
Compensation Law (as amd. by Laws of 1918, chap. 634) provides:
" Treatment and care of injured employees.  The employer shall
promptly provide for an injured employee such medical, surgical or
other attendance or treatment,  *  *  *  as the nature of the
injury may require during sixty days after the injury;  *  *  *.
If the employer fail to provide the same, after request by the injured
employee, such injured employee may do so at the expense of the
employer.  The employee shall not be entitled to recover any

amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same. All fees and other charges for such treatment and services shall be subject to regulation by the Commission as provided in section twenty-four of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living."

Section 24 (as amd. by Laws of 1920, chaps. 281, 529) provides: " Claims for services or treatment rendered or supplies furnished pursuant to section thirteen of this chapter, shall not be enforceable unless approved by the Commission. If so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission." These provisions are now sections 13 and 24 of the revised Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1922, chap. 615).

In *Matter of Jensen* v. *Southern Pacific Co.* (215 N. Y. 514, 519) the court said in discussing the Workmen's Compensation Law: " Compensation is not based on the rule of damages applied in negligence suits but in addition to providing for medical, surgical or other attendance or treatment and funeral expenses it is based solely on loss of earning power."

Where the employer provides the medical attendance and treatment, the compensation of the employee for injuries must be based solely on the loss of earning power; it is only in the case of the employer's refusal or neglect to furnish the necessary medical attendance or treatment that the expense thereof can be recovered as a part of the employee's compensation for his injury. In the latter case the fixing of the reasonable value of such service is exclusively vested in the Commission or Board and allowed as a part of the employee's compensation, and the amount so fixed becomes a lien on the compensation awarded. The statute does not concern itself with the contract that the employer makes with the physician or surgeon when the employer provides the medical attendance. He is at liberty to make any agreement that to him seems proper, and make such payment as he may stipulate, for the amount that he pays is not a part of the compensation to be awarded. If the employer hires the physician, it is simply a matter of contract between the physician and employer. If the amount to be paid is stipulated, the physician is entitled to that sum. If no amount

is named, the physician is entitled to receive the reasonable value of his services. A failure to pay gives rise to a common-law action that may be prosecuted in the courts. There is no more reason for giving the Commission or Board the right to limit or control the sum to be paid under this contract of employment than there would be to require all contracts with employees to be submitted to the Commission or Board to pass upon the reasonableness of the wages agreed to be paid.

This question has been considered in only two cases that have been called to our attention (*Feldstein* v. *Buick Motor Co.*, 115 Misc. Rep. 170; *Noer* v. *Jones Lumber Co.*, 170 Wis. 419), in both of which it was held that the court had jurisdiction.

The determination of the Appellate Term should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Determination affirmed, with costs.