Before STATE INDUSTRIAL BOARD, Respondent.

WALTER STAFF, Respondent, *v.* EAGLE WAREHOUSE AND STORAGE COMPANY and Another, Appellants.

Third Department, May 8, 1924.

Workmen's compensation — award for medical services cannot be made where employee does not file claim under Workmen's Compensation Law, § 28, and no payment was made by employer under § 20a, and objection is taken on hearing.

The State Industrial Board does not have jurisdiction to make an award for medical services rendered to an employee, where the employee has not filed a claim under section 28 of the Workmen's Compensation Law and objection to the award is taken on the hearing, and where it does not appear that an advance payment was made by the employer under section 20a of the statute,

APPEAL by the defendants, Eagle Warehouse and Storage Company and another, from an award of the State Industrial Board, made on the 11th day of April, 1923.

*William B. Davis*, for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General* of counsel], for the respondents.

VAN KIRK, J.:

The employee, Walter Staff, while in the course of his regular employment, hit his finger with a hammer. His injury on October 20, 1921, resulted in no disability for which compensation could be had; but Dr. William Schroeder, Jr., rendered him some services for which he has made a charge of seventy-two dollars. Staff did not pay for the medical services; he has filed no claim and did not appear at any hearing before the Industrial Board. The employer concedes that it authorized Staff to receive medical services from Dr. Schroeder. The real ground of the employer's objection to Dr. Schroeder's bill is that the doctor has refused to make any reasonable proof of the amount of his bill. It was only after considerable delay that he appeared before the Board at all and then he said that the bill was for services rendered from October twenty-first to November twelfth, a total of seventy-two dollars. The employer took the objection that the Industrial Board had not jurisdiction of the claim, no claim having been filed by Staff, and the referee seems to have made the award because "there is a contract between the employer and the doctor." The award to Staff is for medical services "in the sum of $72.00, with a lien thereon to Dr. William Schroeder, Jr., in the sum of $72.00."

Had Staff filed a claim and paid for the medical services rendered

him, the award could be sustained. (*Goldflam* v. *Kazemier & Uhl, Inc.*, 181 App. Div. 140.) But in this case, where no claim was filed and an objection on that ground was taken on the hearing, and where no advance payment was made by the employer, the State Industrial Board had not jurisdiction to make the award. (Workmen's Compensation Law of 1914, § 28, as amd. by Laws of 1918, chap. 634; Id. § 20-a, added by Laws of 1915, chap. 168, as amd. by Laws of 1919, chap. 629. See, also, Workmen's Compensation Law of 1922, § 28.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.