SAMUEL FRANT, Appellant, v. ROBERT COBBAN & SON, INC., Respondent.

Supreme Court, Appellate Term, First Department, January 17, 1929.

* Affd., 226 App. Div. 796.

*A. H. Friesner*, for the appellant.

*E. C. Sherwood* [*Wm. M. Keiley* of counsel], for the respondent.

DELEHANTY, J.  In this action by a physician to recover for services rendered to defendant's injured employee at the request of defendant the court below gave judgment for defendant on the ground that the court had no jurisdiction.

Prior to the 1927 amendment of the Workmen's Compensation Law a physician could recover in a common-law action against the employer for services rendered at the request of the employer to his injured employee (*Weinreb* v. *Harlem Bakery & Lunch Room* 204 App. Div. 293), although section 13 of the Workmen's Compensation Law, which makes it incumbent upon the employer to provide medical treatment and services for his injured employee, provided that " all fees and other charges for such treatment and services shall be subject to regulation by the Commissioner as provided by section twenty-four of this chapter; " and section 24 provided that " claims for services or treatment rendered or supplies furnished pursuant to section thirteen of this chapter, shall not be enforcible unless approved by the board."

By the 1927 amendment (Laws of 1927, chap. 553) that part of section 13 above quoted was amended by the insertion therein of the words I have italicised, so that same now reads: " All fees and other charges for such treatment and services, *whether furnished by the employer or otherwise*, shall be subject to regulation by the board as provided in section twenty-four of this chapter."

Defendant contended below, and its contention was sustained by the trial court, that the effect of the amendment was to prevent a recovery by a physician in a common-law action against the employer.  I think that the view thus sustained by the Municipal Court was erroneous.

In *Sandberg* v. *Seymour Dress Co.* (215 App. Div. 728) the State Industrial Board awarded to a claimant reimbursement for moneys paid for physician's services rendered at the request of the employer; but the Appellate Division, Third Department, on appeal, struck out so much of the award, the precise reason for the disallowance not expressly appearing on the face of the opinion (although it may

perhaps be assumed that the physician's report prescribed by section 13 was not duly furnished), the court, however, stating that whether the services were furnished at the request of the employer or of the employee the provisions of section 13 should be complied with; and adding: " This of course has no application to the right of a physician or surgeon to recover at law from the employer for services rendered at his request." On appeal to the Court of Appeals (242 N. Y. 497) that court affirmed the decision of the Appellate Division, basing its affirmance on the ground that " section 13 of the Workmen's Compensation Law does not permit an award to the employee for medical treatment, etc., furnished by the employer."

It seems to me that the 1927 amendment (which went into effect in the year after the decision of the *Sandberg* case by the Court of Appeals) providing that all fees for medical treatment and services, whether furnished by the employer or otherwise, shall be subject to regulation by the board as provided in section 24 of the act, was designed solely to obviate the ruling of the Court of Appeals that section 13 does not permit an award to the employee for medical treatment furnished by the employer, and to put expressly into the act what the Appellate Division of the Third Department had read into the statute in the *Sandberg* case; and as that court decided that such construction of the statute has no application to the right of a physician or surgeon to recover from the employer in an action at law for services rendered at his request, it was error for the trial judge in the instant case to hold that the court had no jurisdiction in this action.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of plaintiff for the relief demanded in the complaint.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.