In the Matter of the Claim of FRANCIS H. LEWIS, Respondent, against KARL A. LEFREN, INC., and Another, Respondents. CHARLES BAGLEY, JR., Appellant; STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 10, 1932.

*Samuel Schacter*, for the appellant.

*William E. Skillman*, for the claimant, respondent.

*Grattan B. Shults* [*Hobart R. Marvin* of counsel], for the respondents Karl A. Lefren, Inc., and another.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General, I. Frank* and *Hector A. Robichon* of counsel], for the respondent State Industrial Board.

PER CURIAM. A surgeon presented his bill of $1,400 for services rendered in operating upon the claimant; the amount was reduced by the Board, and an award of $850 made against the employer and carrier " to Francis H. Lewis, injured employee, with a lien to Dr. Bagley, Jr." The surgeon appeals from this award. The services were rendered at the request of the employer and the surgeon says that the amount of the fee was arranged in advance of the operation. The Industrial Board, by unanimous vote of the members, has excused the failure to give the notice required by section 13 of the act within the twenty days prescribed, and the attorney representing the employer and carrier on the hearing stated in reference to the claim and services " We will concede authorization because it was an emergency case."

The appellant is not aggrieved. The surgical attendance having been provided by the employer, an award to the employee is

improper. (*Sandberg* v. *Seymour Dress Co., Inc.,* 242 N. Y. 497; *Finkelstein* v. *New York Merchandise Co.,* 252 id. 519.) A common-law action is the proper remedy. (*Weinreb* v. *Harlem Bakery & Lunch Room, Inc.,* 204 App. Div. 293; *Feldstein* v. *Buick Motor Co.,* 115 Misc. 170.) This appellant is not a " party in interest " who may appeal (Workmen's Comp. Law, § 23), as " compensation and benefits shall be paid only to employees or their dependents." (Workmen's Comp. Law, § 33.) No other party having appealed we may not reverse the award.

The appeal should be dismissed.

All concur.

Appeal dismissed.