LIEST, Appellant, *v.* UNITED STATES FIDELITY & GUARANTY CO., Respondent.

(No. 7,399.)

(Submitted May 28, 1935. Decided June 6, 1935.)

[48 Pac. (2d) 772.]

*Messrs. Ford & Smith,* for Appellant, submitted a brief; *Mr. S. C. Ford* argued the cause orally.

*Mr. M. J. Thomas* and *Mr. Lew. L. Callaway,* for Respondent, submitted a brief; *Mr. Callaway* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff instituted a proceeding before the Industrial Accident Board, seeking an award to compensate him for services rendered as a physician in treating an injured employee, who at the time of his injury was within the provisions of the Workmen's Compensation Act (Rev. Codes 1921, secs. 2816 et seq., as amended). The defendant corporation was the insurance carrier. Neither the employer nor the employee is a party to the proceeding. The defendant company answered, and on the record before the board the cause was heard and an order entered dismissing the complaint and denying the relief sought therein. A motion for rehearing was made before the board and denied. Thereafter an appeal was taken to the district court of Glacier county from this order, where the cause was heard on the certified record of the proceedings had before the board, resulting in a dismissal of the appeal. This appeal is taken from the order of dismissal entered by the district court.

Plaintiff was a duly licensed physician and surgeon in this state. Fred Lewis was an employer of men engaged in a hazardous occupation, who was insured by the defendant company under the provisions of the Workmen's Compensation Act. One Arnold, an employee of Lewis, was injured in the course of his employment on July 30, 1933. On that day Arnold reported to plaintiff for treatment, pursuant to written authorization of

the employer directed to the plaintiff. Plaintiff continued to treat the injured workman and rendered services for which he seeks compensation in the sum of $253. Arnold, while under the care of plaintiff, was a patient at the Glacier County General Hospital in Cut Bank.

The plaintiff claims that he reported the fact of his treating the injured workman to the Industrial Accident Board on August 1, 1933, but the records of the board do not disclose the receipt of any such notice. On September 17, 1933, plaintiff did report to the board, giving the date and description of the injury, stating that the injured workman had been removed to the hospital, naming it, and that he had furnished him medical supplies. About October 1, 1933, Arnold left the hospital at Cut Bank, and on October 4 thereafter a bill was rendered for the services rendered by the hospital and paid by the insurer on October 6 following. The amount of this bill as paid was $315. On October 9, 1933, Arnold became dissatisfied with his condition, came to Helena, and entered St. John's Hospital, where he was treated by Dr. Shearer. On October 30, 1933, St. John's Hospital and Dr. Shearer presented their bills, which were not paid in full, being reduced, the hospital receiving $78 and Dr. Shearer $107. The aggregate amount paid on account of medical services by the insurer was the sum of $500, on account of the injuries sustained by Arnold.

Between the date of the injury and November 1, 1933, defendant insurer paid the employee sums of money aggregating $167.14 as compensation. As a result of negotiations between the insurer and the employee, a final settlement was arrived at, whereby the former agreed to pay to the latter $160 additional as compensation. This settlement was reported to, and approved by, the Industrial Accident Board on November 1, 1933. On November 9 thereafter plaintiff sent his bill to the insurer, claiming $253 for services rendered to Arnold. The company answered the complaint filed with the Industrial Accident Board, setting up the fact that it had expended the sum of $500 in payment of hospital and doctor bills, and that it thereby had fully discharged its obligation.

Section 14 of Chapter 121, Laws 1925, amending section 2917, Revised Codes of 1921, provides: "During the first six months after the happening of the injury, the employer or insurer or the board, as the case may be, shall furnish reasonable medical, surgical and hospital service and medicines when needed, not exceeding in amount the sum of five hundred dollars, unless the employee shall refuse to allow them to be furnished, and unless such employer is under a hospital contract, as provided in section 2907 of this Act."

It is the theory of the plaintiff in this case that under the statutory provisions quoted supra, the defendant as the insurance carrier was obligated to furnish to the injured workman reasonable medical, surgical, and hospital service and medicines in the sum of $500 during the first six months after the happening of the injury, and that the insurance carrier, having been notified of the furnishing of the medical service by plaintiff, was bound to apply the sum of $500 toward the payment of the obligations first incurred in that behalf; and that defendant insurer should have paid plaintiff his bill before applying any payments toward the satisfaction of the bills of the St. John's Hospital and Dr. Shearer, which were subsequently incurred.

The position of the insurer is that it was obligated to the extent of $500 and no more, and that, having expended that sum in the discharge of obligations for medical and hospital service furnished the first six months after the injury, its entire duty was performed. It further urged at the argument on this appeal that the Industrial Accident Board was without jurisdiction to hear this proceeding. Counsel for the plaintiff asserted that this jurisdictional question was raised for the first time in this court.

We will first give consideration to the jurisdictional question. It is argued on behalf of the plaintiff that the board had jurisdiction to hear and determine this controversy, relying upon the provisions of section 2947, Revised Codes of 1921, reading as follows: "All proceedings to determine disputes or controversies arising under this Act shall be instituted before the board, and not elsewhere, and heard and determined by them,

except as otherwise in this Act provided, and the board is hereby vested with full power, authority, and jurisdiction to try and finally determine all such matters, subject only to review in the manner and within the time in this Act provided''; and upon section 2940, Id., providing as follows: ''The board is hereby vested with full power, authority, and jurisdiction to do and perform any and all things, whether herein specifically designated or in addition thereto, which. are necessary or convenient in the exercise of any power, authority, or jurisdiction conferred upon it under this Act.''

If this were a proceeding brought by the injured workman before the Industrial Accident Board for the purpose of seeking an award for medical or hospital service, the board would have jurisdiction to make an award (*Herberson* v. *Great Falls Wood & Coal Co.*, 83 Mont. 527, 273 Pac. 294) ; but in this instance we have a physician and surgeon who has rendered services to an injured workman, seeking to secure an award as against the insurance carrier, where neither the employee nor the employer is a party to the proceeding. The claim of the employee for compensation has been fully settled. The services rendered by the physician were at the written request of the employer.

The question has frequently arisen whether a physician who has rendered services to an injured workman at the request of the employer or the insurance carrier can maintain an action in the courts against the person making the request, where the medical services are a part of the compensation to be awarded, as under our law, where it was contended that, by reason of statutory provisions, which we will notice presently, the Industrial Accident Board, or similar commission, thereunder had exclusive jurisdiction.

The usual statutory provisions are well illustrated by the Illinois Act of July 1, 1919, providing as follows: ''The board shall have the power to determine the reasonableness and fix the amount of any fee or compensation charged by any person for any service performed in connection with this Act, or for which payment is to be made under this Act, or rendered in securing

any rights under this Act (Laws 1913, p. 347, sec. 16, as amended by Laws 1917, p. 499, sec. 1),'' and: ''The fees and payment thereof of all lawyers and physicians for services authorized by the Board under this Act shall, upon request of either the employer or employee or the beneficiary affected, be subject to the review and decision of the Industrial Board.'' (Laws 1913, p. 347, sec. 19(c), as amended by Laws 1919, p. 545.)

It will be observed that under our Workmen's Compensation Act we have no statute identical with or similar to those quoted above, aside from those mentioned supra. But under statutes similar to those of Illinois it is quite uniformly held that a physician may maintain an action in court to recover for services rendered under statutes similar to section 14 of Chapter 121, Laws 1925, and that, by reason of the statutes authorizing the board to fix fees for physicians, the courts are not deprived of jurisdiction. (*Noer* v. *G. W. Jones Lumber Co.*, 170 Wis. 419, 175 N. W. 784; *Agustus* v. *Lewin*, 224 Ill. App. 376; *Hoyt* v. *London Guarantee & Accident Co.*, 227 Ill. App. 92; *Edwards* v. *Centralia Coal Co.*, 227 Ill. App. 453; *Tyrrell* v. *Standard Underground Cable Co.*, 10 N. J. Misc. 807, 160 Atl. 763; *Dias* v. *New Jersey Manufacturers Casualty Ins. Co.*, 4 N. J. Misc. 102, 132 Atl. 101; *Weinreb* v. *Harlem Bakery & Lunch Room*, 204 App. Div. 293, 197 N. Y. Supp. 833; *Frant* v. *Robert Cobban & Son*, 133 Misc. 433, 232 N. Y. Supp. 486.)

Under statutes similar to those of the state of Illinois which we have quoted supra, it is generally held that the Industrial Accident Board, or similar commission, is without jurisdiction to make any award to a physician who has furnished medical services at the request of an employer or insurance carrier. (*Bee Hive Min. Co.* v. *Industrial Commission*, 144 Va. 240, 132 S. E. 177; *National Car Coupler Co.* v. *Sullivan*, 73 Ind. App. 442, 126 N. E. 494; *Associated Employers' Reciprocal* v. *State Industrial Commission*, 87 Okl. 16, 208 Pac. 798; *Feldstein* v. *Buick Motor Co.*, 115 Misc. 170, 187 N. Y. Supp. 417; *Lewis* v. *Karl A. Lefren, Inc.*, 234 App. Div. 513, 256 N. Y. Supp. 199.)

The only exception to the rule adhered to by the decisions cited supra which we have found is the California case of *Independence Indemnity Co.* v. *Industrial Accident Commission*, 2 Cal. (2d) 397, 41 Pac. (2d) 320. However, that decision is based upon an additional statutory provision, the like of which we do not have, nor is any similar provision mentioned in any of the decisions cited supra. The California statute provides that a physician may have a lien upon an award to be allowed by the commission for medical services, and the commission may order a payment directly to the holder of the lien. Our statutes are no more inclusive than those of the state of Illinois and those similar in other jurisdictions. Our Act does not specifically mention the settlement of controversies over the fees of physicians, as do the statutes in many jurisdictions. Our Workmen's Compensation Act is elective, and no one can be subjected to its provisions without his consent; and there are no provisions in our Act whereby a physician or anyone other than an employer, employee, or insurance carrier may so elect to be bound by the provisions of the Act.

The board in this case had awarded compensation for the injury sustained by the employee, which had been paid. The maximum amount of medical benefits under the Act had been paid, with the knowledge of the board, by the insurance carrier. The board had exercised its jurisdiction to its full extent prior to the filing of the petition with the board by the plaintiff, whose claim is one based on the negligence of the insurance carrier in making the payments of the medical benefits. . Therefore we conclude that the Industrial Accident Board was without jurisdiction to entertain this proceeding. Accordingly, the board properly dismissed the petition, and likewise the district court properly dismissed the appeal. Plaintiff's remedy was an appropriate action in the courts. However, by the last assertion we do not intend to indicate whether under the facts in this case an action could be maintained against either the insurance carrier or the employer, or both.

Furthermore, let it be understood that the State Industrial Accident Board and the funds administered by it under

plan 3 of the Workmen's Compensation Act are not included within the scope and meaning of the phrase "insurance carrier" referred to supra in this opinion.

The order appealed from is affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in this decision.

Rehearing denied September 16, 1935.