VICTOR H. RAISMAN, Respondent, *v.* ASHFORD ROOFING CO., INC., and LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Appellants.

First Department, May 2, 1941.

*Herbert A. McDevitt* of counsel [*McDevitt & Stricker*, attorneys], for the appellants.

*Abraham Kaplan*, for the respondent.

CALLAHAN, J. Plaintiff, a physician, sues an employer and an insurance carrier to recover a balance due for professional services rendered to an employee injured in an industrial accident. The question presented is whether such an action may be maintained, or whether under the Workmen's Compensation Law the physician may collect his claim only through an award of the State Industrial Board.

Section 13 of the Workmen's Compensation Law requires the employer to provide an injured employee with medical attendance, and makes the employer liable for payment for such service.

Under subdivision 1 of section 13-g, an employer is required, within thirty days after the receipt of a bill from a physician for services rendered to an employee, to notify the Industrial Commissioner that the employer demands an impartial examination as to the amount claimed by the physician. In the event of the failure of the employer to so notify the Commissioner, his right to such an examination is declared by the statute to be waived, and the amount claimed by the physician is deemed to be the fair value of the services rendered. The defendants in this case failed to give notice of a desire for impartial examination until more than sixty days had elapsed after the rendition of plaintiff's bill. The plaintiff then refused to submit to arbitration, claiming the right to such relief had expired at the end of thirty days. He thereupon brought this action to recover for his services. The statute does not expressly provide the procedure to be followed by the physician to collect his bill, either in cases where arbitration was had, or where it was not demanded. Section 26 of the law does provide, however, that awards of the State Industrial Board shall have the force of judgments.

Appellants contend that the only remedy available to the physician is application to the State Industrial Board for an award.

The Municipal Court, where plaintiff instituted his action, granted plaintiff a judgment for the sum demanded.

At first, the Appellate Term reversed the judgment and dismissed the complaint, one justice dissenting. Upon reargument the Appellate Term vacated the order of reversal and affirmed the judgment of the Municipal Court, one justice dissenting. We think that the affirmance was correct.

Prior to 1935, an injured employee had no right under the Workmen's Compensation Law to select his own physician unless the employer failed to furnish medical attendance after request. Amendments were adopted in 1935 which granted the injured employee the right to make such a selection, irrespective of the employer's action. At the same time new sections were inserted in the law which made the employer liable for payment for the physician's services. Undoubtedly these statutes created liability under a contract implied in law which might be enforced by action in the absence of any statutory restriction. The statute expressly states that as to claims by injured workmen their common-law

right to damages is terminated by the statute. (Workmen's Compensation Law, § 11.) We find no similar restriction as to claims of physicians for compensation for their services.

Prior to 1935, the remedy of a physician legally selected by any injured employee, who sought to enforce payment for his services, was to sue the employer in the courts, not to present his claim through the State Industrial Board. (*Weinreb* v. *Harlem Bakery & Lunch Room, Inc.*, 204 App. Div. 293; *Frant* v. *Cobban & Son, Inc.*, 133 Misc. 433; affd., 226 App. Div. 796.) While undoubtedly the Legislature intended by the amendments of 1935 to grant to the employer the additional right to demand arbitration concerning the correctness of the physician's bill, it does not follow that the physician's right to sue was taken away if arbitration was not demanded by the employer. We do not need to determine whether under the present circumstances plaintiff might have obtained an award from the State Industrial Board. Nor do we need to pass on the question as to whether in providing for arbitration the Legislature intended to have any award by the arbitrators enforcible only under the arbitration statutes. It is sufficient to hold that plaintiff had the remedy open to him of bringing this action at law when no demand for arbitration was made by the employer.

The remaining points sought to be raised by appellants do not seem to have been raised upon the trial.

The determination of the Appellate Term affirming the judgment of the Municipal Court should be affirmed, with costs, and the appeal from the order denying defendants' motion for reargument should be dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Determination of the Appellate Term entered on the 3d day of October, 1940, unanimously affirmed, with costs and disbursements to the respondent. Appeal from order denying defendants' motion for reargument dismissed.