In the Matter of the Claim of PHILIP MACMULLAN, Claimant, v ASSOCIATED PRESS, Employer. WORKERS' COMPENSATION BOARD, Respondent. WILLIAM VON STEIN, Appellant.— Yesawich, Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 14, 1986, which denied William Von Stein's application to reopen a previously closed compensation case on the ground that any claim for compensation suggested by the application is barred by Workers' Compensation Law § 28.

This appeal arises out of a medical malpractice action brought in Supreme Court, New York County, by Philip MacMullan against William Von Stein. The alleged malpractice arises out of medical services rendered by Dr. Von Stein to MacMullan at a time when they were coemployees, and

involves Von Stein's claimed failure to inform MacMullan of the discovery, during a medical examination conducted for the employer, of an ulcer, thereby allowing aggravation of the condition for a period of four months. In that action, Von Stein moved for summary judgment dismissing the complaint on the ground that recovery was barred by Workers' Compensation Law § 29 (6). Supreme Court struck the case from the Trial Calendar pending resolution of the issue by the Workers' Compensation Board, and ordered Von Stein to apply to the Board for a hearing on the applicability of the Workers' Compensation Law to the ulcer condition underlying the malpractice suit. Von Stein thereupon sought to have the Board reopen MacMullan's case, closed by the Board in a decision dated July 19, 1976, wherein it had been determined that MacMullan had suffered angina pectoris as a result of job-related stress at about the same time as the alleged malpractice occurred. The Board refused to reopen the matter, ultimately basing its decision on the two-year Statute of Limitations for workers' compensation claims (Workers' Compensation Law § 28). Von Stein appeals.

Initially, we note that Von Stein has no standing before the Board to reopen MacMullan's case for he is neither a claimant, an employer nor an insurance carrier (see, Matter of Lewis v Karl A. Lefren, Inc., 234 App Div 513, 514). Moreover, the relief sought, the issuance of a declaratory ruling declaring that MacMullan's ulcer arose out of the same job-related stress which precipitated his angina, is beyond the scope of the Board's authority (see, State Administrative Procedure Act §§ 102, 204), which is limited to hearing and determining claims for compensation and otherwise providing for the compensation and treatment of injured employees (Workers' Compensation Law § 142). Furthermore, even if we were to view Von Stein's application in the context of a claim for compensation on MacMullan's behalf, it would have been a new claim or an amendment to the angina claim for an unrelated condition, an ulcer, brought more than two years after the angina claim and hence time barred.

While the Board has primary jurisdiction over questions of compensability of injuries, its jurisdiction is not exclusive (Liss v Trans Auto Sys., 68 NY2d 15, 21-22). In this instance, the Board lacks jurisdiction, leaving the judicial forum as the proper forum for determining whether MacMullan's injury was covered by workers' compensation and relieving Von Stein of liability.

Decision affirmed, with costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.