Spain, J.
Appeal from a decision of the Workers’ Compensation Board, filed September 18, 2012, which, among other things, assessed a monetary penalty against claimant’s counsel pursuant to Workers’ Compensation Law § 114-a (3) (ii).
Claimant resides in the Bronx and was injured in the course of his duties as a correction officer at Rikers Island. His claim for workers’ compensation benefits was not disputed. Claimant thereafter “request[ed],” on a form provided by counsel, that all hearings in his case occur at a hearing site in the City of White Plains, Westchester County, asserting that his “request MUST BE GRANTED” due to a purported “Board Rule 10.01 (1) (c).” The Workers’ Compensation Law Judge (hereinafter WCLJ) found no reasonable ground had been established for a change of venue. Additionally, noting that “Board Rule 10.01” did not exist and that counsel for claimant had previously been warned that she would be sanctioned if she thereafter relied upon it as the basis for a change of venue application, the WCLJ further assessed costs of $250 and reasonable counsel fees of $250 against counsel for claimant pursuant to Workers’ Compensation Law § 114-a (3) (i) and (ii). The Workers’ Compensation Board ultimately modified the WCLJ’s decision by rescinding the assessment of costs pursuant to Workers’ Compensation Law § 114-a (3) (i), finding that, pursuant to that subsection, costs “may only be assessed against a party to a *1198 claim” and that no reason existed to penalize claimant here. The Board found the award of counsel fees under section 114-a (3) (ii) to be proper, however, and increased that assessment to $500. Claimant appeals.
The sole issue upon appeal is whether the assessment of reasonable counsel fees against counsel for claimant was warranted. Inasmuch as those fees were directly assessed against counsel pursuant to Workers’ Compensation Law § 114-a (3) (ii), counsel is the party in interest pursuant to Workers’ Compensation Law § 23 and “should have filed the notice of appeal on her own behalf” (Matter of Banton v New York City Dept. of Corr. 112 AD3d 1195, 1196 n [2013] [decided herewith]; see Matter of Leedy, 241 App Div 643, 643 [1934]; cf. Matter of Lewis v Lefren, Inc., 234 App Div 513, 514 [1932]). In the absence of any allegation of prejudice, we will, in this case, disregard that error “and treat[ ] the appeal as taken by” counsel (Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]; see CPLR 2001).
Turning to the merits, we affirm. Workers’ Compensation Law § 114-a (3) (ii) permits the Board to assess reasonable counsel fees against counsel where a proceeding before it has “been instituted or commenced without reasonable ground.” Counsel for claimant had previously been warned that seeking a change of venue based upon the nonexistent “Board Rule” would subject her to sanctions, and nevertheless elected to do so in this proceeding. Moreover, inasmuch as White Plains had no obvious connection to claimant or the accident that led to this claim, the Board appropriately found that counsel had not advanced any legitimate reason for a change of venue. Substantial evidence thus supports the Board’s determination to assess reasonable counsel fees against counsel for claimant pursuant to Workers’ Compensation Law § 114-a (3) (ii) (see Matter of Banton v New York City Dept. of Corr., supra; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209 [2013] [decided herewith]). Counsel’s remaining contentions, to the extent that they are properly before us, have been considered and are meritless.
Stein, J.P, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, with costs.