Associated Plastic Surgeons & Consultants, P.C. v Global Commodities, Inc. (2023 NY Slip Op 23398)

[*1]

Associated Plastic Surgeons & Consultants, P.C. v Global Commodities, Inc.

2023 NY Slip Op 23398

Decided on November 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on November 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-847 N C

Associated Plastic Surgeons & Consultants, P.C., Appellant, 
against
Global Commodities, Inc., Respondent. 

Associated Plastic Surgeons & Consultants, P.C., appellant pro se.
Connolly Law, PLLC (Kevin Connolly, Esq.), for respondent (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Third District (Jaclene A. Agazarian, J.), entered September 20, 2022. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover the principal sum of $5,000 for unpaid medical services rendered to an alleged employee of defendant. At a nonjury trial, plaintiff's representative testified that he treated defendant's employee in an emergency room on August 15, 2015, that he was informed that defendant would pay for the services privately without submitting a claim to its workers' compensation carrier, that bills for the services were sent to defendant, and that he had not received payment. Plaintiff's representative sought to introduce into evidence a document from his office's computer system describing telephone conversations between his office staff and representatives of defendant, which allegedly confirmed that plaintiff's patient was employed by defendant. Upon reviewing the document, defendant's counsel objected to its admission, and the court excluded the document from evidence. No one testified on behalf of defendant. Following the trial, the District Court dismissed the action. 
On appeal, plaintiff contends that the court erred in excluding the aforementioned document from evidence on the ground that it was admissible under the business records exception to the hearsay rule pursuant to CPLR 4518 (a). Plaintiff also maintains that the document should have been admitted, even if hearsay, since in a commercial claims action, "the strict rules of evidence do not apply." Further, plaintiff claims that the document indicates that his patient was employed by defendant, and that defendant offered to "pay for the services rendered privately."
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
Pursuant to Workers' Compensation Law § 13 (a), an employer must provide an employee injured during the course of his/her employment with medical care, and must pay for the injured employee's medical expenses (see also Workers' Compensation Law § 10 [1]; Raisman v Ashford Roofing Co., Inc., 261 App Div 782, 783 [1941]). Consequently, in order for defendant to be liable for plaintiff's unpaid bill, plaintiff was required to establish two elements: (1) that plaintiff's patient was injured during the course of his employment and (2) that the patient was employed by defendant.
At the outset, we note that no evidence was presented that plaintiff's patient was injured during the course of the patient's employment. Further, even if plaintiff had established that the patient was injured during the course of his employment, plaintiff failed to present any competent evidence as to the identity of the patient's employer.
Contrary to plaintiff's assertions, plaintiff failed to lay a sufficient foundation to admit the document summarizing telephone conversations into evidence as a business record. Pursuant to CPLR 4518 (a), "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, or occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter." A "record [that is] made in the regular course of business . . . reflect[s] a routine, regularly conducted business activity, and [is] needed and relied on in the performance of functions of the business" (People v Kennedy, 68 NY2d 569, 579 [1986]). Further, it is "the regular course of . . . business to make the record . . . [if] the record [is] made pursuant to established procedures for the routine, habitual, systematic making of such a record" (id. at 579-580). Although plaintiff's representative testified that the document was kept in the ordinary course of business, this statement is insufficient to establish that "it was the regular course of . . . business" to document telephone conversations, and that the substance of these conversations were recorded "at the time of the [conversation], . . . or within a reasonable time thereafter" (CPLR 4518 [a]; see Kennedy, 68 NY2d at 579-581; Matter of Leon RR, 48 NY2d 117, 122 [1979]).
Further, where the business record includes statements made by third parties, "admission may only be granted where it is demonstrated that the informant has personal knowledge of the act, event or condition and he [or she] is under a business duty to report it to the entrant" (Matter of Leon RR, 48 NY2d at 123; see People v Patterson, 28 NY3d 544, 550 [2016]). "Pursuant to this rule, if the informant was not under a business duty to impart the information, but the entrant was under a business duty to obtain and record the statement, the entry is admissible to establish merely that the statement was made but another hearsay exception is necessary in order to receive the statement for its truth" (Patterson, 28 NY3d at 550[internal quotation marks and alterations omitted]). As the document included statements made by individuals outside the business, and plaintiff on appeal does not contend that the informants were "under a business duty to impart the [*2]information" to plaintiff's employees, or that the statements were admissible under another hearsay exception, plaintiff has failed to demonstrate that the statements would be admissible for their truth (id.).
While in a commercial claims action the court is not bound by rules of evidence (see UDCA 1804-A), a judgment in a commercial claims action may not rest entirely on hearsay evidence (see Weitsman Shredding, LLC v Carbone Indus., Inc., 57 Misc 3d 154[A], 2017 NY Slip Op 51599[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Pro Touch Constr. Servs., LLC v Stillwell Ready Mix, LLC, 49 Misc 3d 155[A], 2015 NY Slip Op 51802[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Plaintiff did not submit any other competent evidence to establish that plaintiff treated an employee of defendant who was injured during the course of his employment with defendant (see Osipova v Koss & Schonfeld, 69 Misc 3d 136[A], 2020 NY Slip Op 51297[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Cocuzza v Love My Dawg, 61 Misc 3d 134[A], 2018 NY Slip Op 51508[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). As plaintiff failed to demonstrate that defendant was liable for the patient's unpaid bill, we find that the judgment dismissing the action rendered substantial justice between the parties in accordance with the rules and principles of substantive law (see UDCA 1807-A [a]; 1804-A).
Accordingly, the judgment is affirmed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2023