Before STATE INDUSTRIAL BOARD, Respondent.

TINA SHINE, Respondent, *v.* BECKER, MOORE COMPANY and Another, Appellants.

Third Department, July 1, 1925.

**Workmen's compensation — award — compensation to claimant for services as practical nurse for son — no proof of authority to hire claimant or knowledge by employer of nature of injury and failure to provide — doctor's report not evidence in absence of verification — award reversed.**

An award to the mother of an employee of compensation for her services as practical nurse during the illness of her son must be reversed, where there is no evidence that the employer authorized the employment or that it had any knowledge of the nature of the injury and the necessity for a nurse and failed to provide therefor.

The unverified proof of death by the physician who was engaged by the employer to attend the son is not proof that the employer had knowledge of the condition of the son and the necessity for a nurse.

APPEAL by Becker, Moore Company and another from so much of an award of the State Industrial Board, made on the 7th day of November, 1924, as grants compensation to the mother of· the deceased employee for her services as nurse.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

*Payne & Lindsey,* for the claimant, respondent.

McCANN, J.:

The only question raised upon this appeal is the allowance of the claim of the mother acting as a practical nurse in attendance upon her adult son. The value of services and the necessity for the same have been properly proved, but the Board finds the following: " The employer herein had knowledge of such requirement but failed and neglected to provide the same."

I find no evidence in the case that the employer had any knowledge whatsoever of the requirements of the claimant nor does the respondent cite on her brief any reference to any testimony to sustain such finding. The respondent relies upon the equities of the case rather than upon the provisions of the Workmen's Compensation Law (§ 13), and argues that it is much cheaper for the mother to attend her son at ten dollars per week than to pay the expenses of a trained nurse. While that may be true, there is no provision authorizing it, neither was there any authority given for the employ-

ment.   The respondent cites *Brown* v. *Walton Water Co.* (199 App.
Div. 948).   In that case one of two brothers was injured and the
other acted in the capacity of a practical nurse and presented his
claim which was allowed.   The physician testified that he employed
the brother to attend the claimant, and the claimant nurse also swore
that he was employed by the Walton Water Company to care for his
injured brother, but the case referred to is not like the one now before
us, as in that case specific authority was given for the employment of
the brother as a nurse.   In this case there was no authority given,
neither was there any proof that the employer was requested to fur-
nish services of a nurse or that either the employer or his superintend-
ent or foreman had any knowledge of the nature of the injury and
neglected to provide for it.   The unverified proof of death which is
printed in the records but not in evidence shows that the physician
making the same attended the decedent from the date of the injury
until the date of his death and that his services were engaged by
the employer.   From this the inference is claimed that the employer
had knowledge of the condition of the son and his requirements
for nurse attendance, but the proof fails by reason of the fact
that the report is not verified.   The respondent claims that no
objection was made to this award.   In fact there was no objection
to the dependency award but there was specific objection made to
the allowance for services of a practical nurse.

The award should be modified by striking therefrom the pro-
vision allowing the mother $230 for services rendered as a practical
nurse and as so modified affirmed, without costs.

Award modified by striking therefrom the provision allowing the
mother $230 for services rendered as a practical nurse, and as so
modified unanimously affirmed, without costs.