In the Matter of the Claim of GEORGE KOCH, Respondent, against LEHIGH VALLEY RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1926.

Workmen's compensation — award — medical services — claimant procured services of own physician without requesting employer for medical assistance as required by Workmen's Compensation Law, § 13 — employer is not liable — employer is not required to offer medical services after claimant has employed his own physician.

The employer in this proceeding is not liable to the claimant for medical services running over a period of over four years, in the treatment of blood poisoning, since it appears that the claimant did not, as required by section 13 of the

Workmen's Compensation Law, notify the employer and request that he be furnished with medical services, but, without giving notice to the employer of the injury, engaged his own physician to attend him.

After the claimant had engaged his own physician, there was no duty on the employer to offer the services of its physician.

HINMAN, J., dissents.

APPEAL by the Lehigh Valley Railroad Company from an award of the State Industrial Board made on the 10th day of November, 1925.

*Kenefick, Cooke, Mitchell & Bass* [*William M. Fay* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.   The Industrial Board has made an award to claimant of $1,662 on account of the medical services of Dr. David Brumberg and $105 on account of the services of Dr. Joseph Brumberg.   The claimant cut his finger in the course of his employment on March 2, 1921.   He consulted his own physician, Dr. David Brumberg, on March 3, 1921.   Blood poisoning had set in and Dr. Brumberg lanced the finger.   He continued to see Dr. Brumberg every day until March tenth, when incisions were made in the finger and hand to drain them.   Thereafter the claimant was delirious most of the time up to the 26th day of July, 1921.   He was, during all this time, under the care of Dr. David Brumberg, who saw him every day, either at his office or at the claimant's house, frequently twice a day, until September 30, 1921.   Thereafter, calls were made by the physician upon the patient, or *vice versa*, nearly every other day until February, 1925.   Meanwhile, Dr. David Brumberg's brother, Dr. Joseph Brumberg, was employed to give the claimant X-ray treatments.   It will be seen that the Brumbergs had in claimant an excellent patient had his employer been responsible for his bills.   We do not think the employer was so liable.   Section 13 of the Workmen's Compensation Law, as it read in March, 1921, provided as follows: " The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same."   Neither the claimant nor any one on his behalf ever requested the employer to furnish medical services.   Moreover, it

was not until March eleventh, nine days after the accidental injury occurred, that the employer had knowledge, through a letter of the claimant's wife, that the claimant had sustained an injury. Meanwhile, the claimant had, without notice to his employer or demand upon it, employed a physician of his own choosing, who had treated him daily and lanced his injured finger. It does not seem to me that there was subsequently any neglect on the part of the employer to provide medical services. The claimant was not in need of them. He had a physician of his own selection in attendance who was certainly sufficiently solicitous. The employer, if called upon to act, would have been required not to supply a lack of medical attendance but to offer a substitution of its physician for the claimant's own. We do not think it was called upon to make this offer. If the offer had been made promptly after the employer received notice of the injury it doubtless would have been rejected, as was the offer made by it in July, 1921. We think that the medical services rendered cannot be charged against the employer.

The award should be reversed and the claim dismissed.

All concur, except HINMAN, J., dissenting.

Award reversed and claim dismissed, with costs against the State Industrial Board.