VERNER P. KENNEDY, Plaintiff, v. JOSEPH DZENGIELOWSKI and Another, Defendants.

County Court, Oneida County, March 23, 1928.

Workmen's compensation — medical services — action by physician to recover from injured employee and wife for services rendered at request of employee — no demand was made upon employer for medical services — defendants are liable — claim is without pale of Workmen's Compensation Law.

Plaintiff, a physician, whom defendant and his wife promised to pay for medical services rendered by plaintiff at defendant's request after defendant had been injured while at work, is entitled to recover for said services, in the absence of proof establishing that any demand was made upon defendant's employer for medical services.

The contention that the employee's wife cannot be held because the alleged agreement with her was not in writing is untenable.

Defendant husband's employer is not liable for the medical charges since the claim is without the pale of the Workmen's Compensation Law, by reason of said defendant's failure to comply with the requirements of the statute as to demand for medical assistance and failure to provide it.

MOTION by the defendants to set aside a verdict in favor of the plaintiff and for a new trial.

*Curtin & Curtin*, for the plaintiff.

*A. S. Malsan*, for the defendants.

HAZARD, J. I will consider the points raised by the moving party in the order in which they appear in his brief. The first is, " That the plaintiff has not sustained the burden which the law places upon him." The principal argument advanced is that, according to some evidence alleged to have been taken before the Industrial Board, plaintiff's testimony was perhaps in some respects different from that upon this trial. This is not a motion for a new trial upon the ground of newly-discovered evidence, and the evidence taken before the Industrial Board was not before

the jury in that case, and I think should not be considered here. It is true that the plaintiff swore to a state of facts with reference to his employment, and the two defendants swore to a contrary state of facts. The jury seemed to have decided to believe the plaintiff, and I cannot hold as a matter of law that they were wrong.

The second point is that the wife cannot be held " because the alleged agreement with her was not in writing." I think this point is untenable. She is being sued with her husband, upon what according to the plaintiff was an original agreement by which both the defendants promised to pay the plaintiff for services as a physician, of which the husband, at the time, appeared to be in great need. According to the plaintiff's version she was not a guarantor. He says that both promised to pay.

We come to the third point, which is that " the plaintiff is barred here by the provisions of the Workmen's Compensation Law."

It seems that the defendant husband was employed in a local foundry, and, as I have the evidence of the defendant Stefania, the wife, he received an injury to his foot during the year 1923. Sometime in July of that year the plaintiff went to the defendants' residence. It is not claimed that he was sent there by the employer. The date of the accident does not appear, but it does appear that prior to the accident the defendants, or one of them, had themselves employed and dismissed two other physicians. Dr. Kennedy says he told the defendants that the husband must immediately go to the hospital, and that arrangements must be made about the hospital and medical bills, and that they said they would pay them. He continued in the hospital until November 1, 1923, and then went home. While in the hospital the plaintiff operated upon the defendant Joseph four different times. Two of the operations were characterized as " major operations." There were sixty-five calls at the hospital, twenty-nine at the house and twenty-four were made at the doctor's office. Some of the latter were paid for, but the total amount which the doctor has received for his extensive surgical and medical work is $28. The jury have found a verdict in his favor for $692. It transpires that sometime, apparently after the defendant Joseph got out of the hospital, that a claim for workmen's compensation was made, and that an award was made in his favor which, according to the wife, was for $3,942.50, but was later reduced by $800. It was admitted by the plaintiff on the stand that his bill was a subject of consideration before the Industrial Board, but it does not seem to have been allowed and nothing has ever been paid him except the $28 paid by defendant Joseph for some of the later office calls.

The claim is made here on behalf of the defendants that, inasmuch

as this was a "compensation case," as it seems to have been, the Industrial Board has exclusive jurisdiction as a matter of law of providing for the payment of the bill of Dr. Kennedy, the plaintiff, and that this court, therefore, has no jurisdiction in the premises.

At the outset, a question of fact arises, due to certain claims made in the defendants' brief, with reference to what I regard as the crucially important point in the case, which is that of whether a demand was ever made by or on behalf of the defendant Joseph of his employer for medical aid. The only testimony that I can find is upon the cross-examination of Stefania, the wife, where she says: "The employers did not give no doctor. My husband demanded a doctor from the employer. My husband notified the employer that he dropped some iron on his foot. I don't know if they refused to furnish a doctor. We had to get one. * * * We dismissed Drs. Powell and Bialis before we called Dr. Kennedy." As above stated, I regard the question of whether a demand was made as the crucial and turning point in the case. This motion has been argued and briefs submitted upon the basis that no demand was made. I shall continue to regard the evidence as failing to establish that any demand was made. The wife's testimony, as set forth above, is that her husband made a demand. She does not claim to have been present when it was made (she was not asked), but her evidence is, on the face of it, hearsay. She admits, "I don't know if they refused to furnish a doctor." My clear understanding of the evidence in the case is that the defendants had themselves employed and discharged two other doctors, and without consulting the employer had hired the plaintiff and promised to pay him. As above stated, the case has been tried and the motion argued upon the basis that no demand was made, or proven, and I shall assume that to be the fact.

As to whether a physician employed by an injured employee, who has not made any demand or request upon his employer for medical assistance, may bring an action like this and in a court like this, or whether he is confined entirely to the Industrial Board for his pay, does not appear to have been decided in this State. The defendants cited but one case in support of their contention, which is *Semmen* v. *Butterick Publishing Co.* (101 Misc. 285). The case is not like this because it is one in which an injured employee had brought a suit against his employer, who had failed after request to provide medical relief, and it was held that he could not recover in such an action, and that "it must be recovered as a part of the compensation awarded by the Commission." The reasoning of the case is that the employee *having made due request* (p. 286) was entitled to employ medical assistance,

and, he having done so, and proceeded according to the statute and thus placed himself within the provisions of the statute, that he must abide by the statute and get his compensation including reimbursement for medical treatment, as a part of an award. The case is entirely different from the case at bar, because here a physician is suing his patient and without any reference to the patient's employer, the latter never apparently having had anything to do with the case until after most of the services were rendered and the patient out of the hospital.

Section 13 of the Workmen's Compensation Law (as amd. by Laws of 1927, chap. 553) provides that " If the employer fail to provide the same, [medical attendance] *after request* by the injured employee such injured employee may do so at the expense of the employer." Defendants are claiming to be absolved from responsibility because of this provision, but they have not proven themselves to come within the terms of the statute, viz., they have not proven a demand for medical assistance and a failure to provide it. It is true that the latter part of the section provided: " All fees and other charges for such treatment and services shall be subject to regulation by the Commissioner." And defendants claim, again, that no one but the Commission has jurisdiction to " regulate " or allow any physician's services. That can only be so when a claim is made within the provisions of the statute. *This claim is not.* The situation is analogous in *Weinreb* v. *Harlem Bakery & Lunch Room, Inc.* (204 App. Div. 293), where it is held: " It is only in the case of the employer's refusal or neglect to furnish the necessary medical attendance or treatment that the expense thereof can be recovered as a part of the employee's compensation for his injury." To the same effect is *Feldstein* v. *Buick Motor Co.* (115 Misc. 170, 174). There are several other cases which hold to the same effect, viz., that the provision quoted from the latter part of section 13 only applies to cases which are strictly within the statute, and where the statute has been followed. By the amendment of 1927 it is provided: " All fees and other charges for such treatment and services, *whether furnished by the employer or otherwise*, shall be subject to regulation by the board as provided in section twenty-four of this chapter." There are two things to say with reference to this provision: *First*, it did not take effect until July 1, 1927. *Second*, even assuming that it was in effect when the services sued for were rendered, I would again assume that it refers and applies only to cases which are *within the statute*, viz., in which the statutory steps *have been followed.*

The plaintiff cites two cases, both of which are considerably in point. The first is *Matter of Koch* v. *Lehigh Valley R. R. Co.*

(217 App. Div. 280), which holds that an employer is not liable to a physician who rendered services to an employee when the latter did not notify the employer and request that he be furnished with medical services. While the facts in that case are not parallel, because here the physician is suing the employee, it seems to me that the principle involved is the same, viz., that inasmuch as the requirements of section 13 were not met, plaintiff's case is outside of the limitations and provisions of the Workmen's Compensation Law, and, incidentally, also outside of the jurisdiction of the Industrial Board. The other case is *Keigher* v. *General Electric Co.* (173 App. Div. 207), a case in which an employee met with an injury and the employer provided a competent physician, but the employee arbitrarily refused to accept such services and requested the employer to engage his own physician, the plaintiff in that action, which the employer, defendant, refused to do. The plaintiff thereafter rendered medical services and the State Industrial Commission, without notice to the defendant, paid the plaintiff's bill. The controversy was submitted to the Appellate Division, upon an agreed statement of facts, and that court decided in favor of the defendant, the reason assigned being that under the law *the employer has the right to select the physician.* The court quotes (p. 209), with apparent concurrence, from a Wisconsin case the following: " If the injured person unnecessarily chooses his own physician, *he will do so at the peril of having to bear the burden of the expense.*"

I feel, therefore, compelled to decide that this case was put outside of the provisions and requirements and jurisdiction of the Industrial Board by reason of the failure of the defendant, employee, to comply with the requirements of the statute. He evidently was selecting his own physician, and there seems to be no substantial reason why, under those circumstances, he is not required to pay a fair value for such services. I reach this decision without any conscientious scruples, because it was made very clearly to appear at the trial that the plaintiff saved the life of this defendant Joseph, whose wound had become gangrenous, necessitating some very difficult and skillful surgery to save his life. As the case stands, it does not appear that the doctor has any claim which could be allowed or ordered paid by the Industrial Board, for the reason, as above indicated, that the terms of the Compensation Law had not been complied with. Whether through ignorance of the law, or for whatever reason, the employee did not make any demand upon his employer, and, therefore, is outside of the provisions of law and bound by this common-law action on contract.

The motion to set aside the verdict must be denied.