In the Matter of the Claim of MARTIN FINKELSTEIN, Respondent, against NEW YORK MERCHANDISE COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 29, 1929.

*Robert H. Woody* [*Everett F. Warrington* and *Herbert F. Hastings, Jr.*, of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

VAN KIRK, P. J. The award should be reversed and the claims, both for medical bill and hospital bill, should be dismissed. The employer furnished the physician and through him authorized the hospital expenses. The claimant paid the medical and hospital bills and this award is to reimburse him. " Section 13 of the Workmen's Compensation Law does not permit an award to the employee for medical treatment, etc., furnished by the employer." (*Matter of Sandberg* v. *Seymour Dress Co.*, 242 N. Y. 497.) " The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so * * * nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within twenty days following the first treatment, the physician giving such treatment, furnish to the employer and the Industrial Commissioner a report of such injury and treatment." (Workmen's Compensation Law, § 13.) Such language requires the interpretation that the statute does not contemplate an award to claimant for medical treatment or hospital services unless the employer fails to provide the same. (*Matter of Koch* v. *Lehigh Valley R. R. Co.*, 217 App. Div. 280; affd., 244 N. Y. 578.)

There was no reason for the Board to excuse failure of the physician to furnish a report to the employer and Commissioner pursuant to the power conferred upon the Board by section 13, as amended by Laws of 1927, chapter 553; there is no statutory requirement to make such a report when the employer has furnished the physician. There seems to be nothing in section 13 which can possibly be construed as allowing an award to a claimant for medical and hospital bills paid by him where the employer has voluntarily furnished such treatment and services unless it is found in the phrase " whether furnished by the employer or otherwise," added by Laws of 1927, chapter 553. That amendment, however, did not become effective until July 1, 1927, and the accident herein occurred in May, 1927. I cannot agree that the amendment was procedural only, applying to pending claims. If the purpose of that amendment was to abrogate the rule stated in *Matter of Sandberg* v. *Seymour Dress Co. (supra)* it added a new obligation to the carrier and denied to the employer, physician and hospital the right of contract and the right to settle in their own way the debt contracted voluntarily between them for such medical treatment and hospital services. It is provided in section 24 of the Workmen's Compensation Law that " claims for services or treatment rendered or supplies furnished pursuant to section thirteen of this chapter, shall not be enforceable unless approved by the Board." It has been held that a physician employed by the employer to treat his injured employee may sue the employer in a common-law action on the theory that if the employer hires the physician, it is simply a matter of contract between the physician and employer and the sum to be paid is not subject to the control of the Board. (*Weinreb* v. *Harlem Bakery & Lunch Room, Inc.*, 204 App. Div. 293.) If the phrase " whether furnished by the employer or otherwise," added to section 13 by Laws of 1927, chapter 553, is to be construed to change this rule, the change is certainly substantive and not procedural and should not be given application to claims pending at the time of the passage of the amendatory act. It is unnecessary to determine on this appeal whether such amendment actually did abrogate the rule laid down in *Matter of Sandberg* v. *Seymour Dress Co. (supra)*. It is sufficient to hold here that if such was the effect, the amendment was not applicable to this case.

The award should be reversed and the claim dismissed.

HINMAN, J., concurs.

HASBROUCK, J., votes for reversal as to the physician's bill, and for affirmance as to the hospital bill.

HILL, J. An award of $259 for medical and surgical treatment, hospital service, drugs and a hernia truss has been made to an injured employee. The employer directed the surgeon to operate

and provide necessary service. The claimant paid therefor from his own funds, and this award is to reimburse him. Under the decisions of the Court of Appeals and this court, construing section 13 of the Workmen's Compensation Law, as it existed prior to the amendment effective July 1, 1927 (Laws of 1927, chap. 553), the award should be modified by striking therefrom $118 for medical and surgical treatment, and affirmed as to the hospital services and truss. (*Sandberg* v. *Seymour Dress Co.*, 215 App. Div. 728; affd., 242 N. Y. 497; *Matter of Lam* v. *Wolff Advertising Co.*, 224 App. Div. 801.)

The amendment added the following new sentence after the one which, among other things, requires a physician giving treatment to furnish a written report to the employer and the Industrial Commissioner: " The Board may, however, by the unanimous vote of all the qualified members, excuse the failure to give such notice within twenty days when it finds it to be in the interest of justice to do so, and may, subject to the limitations contained in section twenty-eight of this chapter, make an award for the reasonable value of such medical or surgical treatment." The sentence which follows the new one quoted above was amended, by adding the words " whether furnished by the employer or otherwise," to read as follows: " All fees and other charges for such treatment and services, whether furnished by the employer or otherwise, shall be subject to regulation by the Board as provided in section twenty-four of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living." This amendment abrogates the rule stated in *Sandberg* v. *Seymour Dress Co.* (*supra*). The Board did not make a finding excusing the failure by the physician to give the notice required to be given within twenty days as the statute would indicate to be the better procedure. In the interest of obviating delay, we may regard the award by the Board to be tantamount to excusing the failure; but we disapprove the practice and think such a finding should be made in future cases.

The injury was received and the services rendered before the act became effective; the decision was made afterward, and as the amendment changed procedure only, it applied to pending claims and matters as well as those that later arose. (*Lazarus* v. *Metropolitan Elevated Railway Co.*, 145 N. Y. 581.)

I favor affirmance.

DAVIS, J., concurs.

HASBROUCK, J., votes for reversal as to the physician's bill, and for affirmance as to the hospital bill.

The award as to the physician's bill, $118, is reversed, and the claim in that respect is dismissed. The award as to the hospital bill, $141, is affirmed.