In the Matter of the Claim of HUGH RUTLEDGE, Respondent, against INTERBOROUGH RAPID TRANSIT COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

554

*James L. Quackenbush* [*Frederick C. Garrick* of counsel], for the appellant.

*Hamilton Ward, Attorney-General* [*George S. Kelly, Deputy Assistant Attorney-General,* of counsel], for the respondents.

PER CURIAM. Hugh Rutledge was injured in the course of his employment on July 6, 1924. Following his injury he was removed to the City Hospital at Welfare Island, New York city, where he received medical attention authorized, we may assume, by the employer. It was found necessary to perform a skin graft. An aunt of Mr. Rutledge furnished the skin for grafting without charge. At the time the employer had no knowledge of the proposed operation. It has been found that as a result of the skin graft the aunt contracted pneumonia and erysipelas and was compelled to remain in the hospital until restored to health.

The particular item of the award from which the appeal is taken is a charge of $581.50 made by the hospital for room, board and care of the aunt during her period of illness. The award in form is made to Hugh Rutledge, the injured employee, with a lien thereon to the department of public welfare for the whole amount.

We find no basis whatever for this award. It is not within the scope and purpose of section 13 of the Workmen's Compensation Law (as since amd. by Laws of 1927, chap. 553), which relates to the treatment and care of injured employees. No contract or arrangement was made between the aunt and the employer, and she was not an employee of this corporation. She received no accidental injury in its service. If contract there was for her service, it was with her nephew. Whatever injury or illness she suffered was either the natural consequence of the service she voluntarily undertook, or it resulted from some careless treatment by the physician or nurses. It was not an act or result contemplated when the employer authorized hospital treatment for Rutledge. The relation of the claim for her hospital bills is too remote from the primary obligation imposed on the employer. A physician or nurse attending the claimant who suffered some injury or infection would have as valid a claim for injury as that here presented; and so might any

hospital have a claim for treatment, in which such persons had received care. There having been no authorization of the service and no request from the employer that treatment be given the aunt, an award cannot be sustained. (*Shine* v. *Becker, Moore Co.*, 213 App. Div. 606.)

The award appealed from should be reversed and the claim dismissed, with costs against the State Industrial Board.

HINMAN, Acting P. J., DAVIS, WHITMYER and HILL, JJ., concur; HASBROUCK, J., not voting.

Award reversed and claim dismissed, with costs against the State Industrial Board.