In the Matter of the Claim of JOHN ANDREWS, Respondent, against WILLIAM MULLEN (MCMULLEN) and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 17, 1932.

Bacon & Tippett [*Clarence B. Tippett* of counsel], for the appellants.

*John J. Bennett, Jr.,* Attorney-General [*H. A. Robichon, Joseph A. McLaughlin,* Assistant Attorney-General, and *Isaac Frank* of counsel], for the respondents.

HINMAN, J. On the 15th day of September, 1927, while claimant was laying bricks for his employer, who was a mason contractor, he ran a sliver underneath his thumb nail resulting in infection and loss of nail. Claimant received prompt medical treatment.

In the course of a few weeks the thumb healed, and for some time thereafter he had no trouble. He continued to work for the same employer only a few days after the accident, when he left voluntarily to work on a longer job in another municipality and one nearer his home, where he was employed by another contractor with slightly broken time until January 20, 1928. On that day he was suddenly taken ill with chills and cramps in the stomach. He became very ill and on February 4, 1928, he employed a physician of his own choosing who sent him immediately to a hospital where he received the care of this physician, together with hospital and nurses' services for about fourteen weeks and he remained under the physician's care until October 8, 1928, when he returned to work.

The Board has found, on undisputed testimony, that "the claimant did not request the employer to furnish such medical and hospital treatment and nurses' attendance because the claimant had no knowledge that his sudden severe illness * * * was related to his accident of September 15, 1927, nor did any such relation come to any one's knowledge until several weeks later after exhaustive medical investigation had led to such a diagnosis." An award has been made to claimant covering these bills for medical, hospital and nurses' services on the theory that they were immediately required and request for medical care prior to treatment could not be required of claimant because of his lack of knowledge of any relation between his illness and the accident.

Section 13 of the Workmen's Compensation Law, as it read in September, 1927, provided as follows: " If the employer fail to provide the same [medical treatment, etc.], after request by the injured employee such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same." The employer had not been requested to furnish the services in question here. Moreover, it was not until some time in March, 1928, that the employer learned of his illness. Meanwhile, the claimant had chosen and employed his own physician, who had directed his hospital care and nursing attendance. In these circumstances, the employer cannot be deemed to have neglected to provide any of these services unless there was a neglect to offer to provide the same after request or knowledge of the situation. No request

was made and it has been held that after the claimant had engaged his own physician, there was no duty on the employer to offer the services of its physician. (*Matter of Koch* v. *Lehigh Valley R. R. Co.*, 217 App. Div. 280; affd., 244 N. Y. 578.) (See, also, *Matter of Weisberg* v. *Alexander Brothers Furniture Co.*, 235 App. Div. ——, decided herewith.)

The awards should be reversed and the claims for medical services, hospital bill and nurses' bills dismissed, with costs against the State Industrial Board.

All concur.

Awards reversed, with costs against the State Industrial Board to abide the event, and claims remitted to proceed in accordance with opinion.