In the Matter of the Claim of ROSE WEISBERG, Respondent, against ALEXANDER BROTHERS FURNITURE COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 17, 1932.

*William Butler*, for the motion.

No appearance for the respondents.

VAN KIRK, P. J. This is a motion in the alternative for reargument or for leave to go to the Court of Appeals. The appellants state the question presented as follows: " Do the provisions of section 13 of the Workmen's Compensation Act, as amended, permit an award by the State Industrial Board to the claimant for medical treatment, etc., furnished by the employer? " The amendment referred to (Laws of 1927, chap. 553) is the insertion in section 13 of the Workmen's Compensation Law of the words, " whether furnished by the employer or otherwise," in the sentence which, as amended, reads: " All fees and other charges for such treatment and services, whether furnished by the employer or otherwise, shall be subject to regulation by the Board as provided in section twenty-four of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living." We think this question should be answered in the negative. In *Sandberg* v. *Seymour Dress Co., Inc.* (215 App. Div. 728) this court held that, under section 13 of the Workmen's Compensation Law, no claim for medical or surgical treatment is enforcible, except one which is incidental to or a part of an award to an injured employee. The Court of Appeals (242 N. Y. 497) affirmed " on ground that section 13 of the Workmen's Compensation Law does not permit an award to the employee for medical treatment, etc., furnished by the employer." In *Matter of Finkelstein* v. *New York Merchandise Co.* (225 App. Div. 481; revd., 252 N. Y. 519) there were differences of opinion in this court, two members of the court applying *Sandberg* v. *Seymour Dress Co., Inc.*, and citing *Matter of Koch* v. *Lehigh Valley R. R. Co.* (217 App. Div. 280; affd., 244 N. Y. 578). In the Court of Appeals the decision was: " Order reversed and claim dismissed, with costs against the State Industrial Board in this court and Appellate Division, on the authority of *Sandberg* v. *Seymour Dress Co., Inc.* (242 N. Y. 497)." In the *Finkelstein* case the accident had occurred prior to the time the amendment of 1927 took effect. The Court of Appeals did not express itself upon the effect of this amendment. The other provisions of section 13 preceding the sentence amended were in no respect changed. It is still required that " The employer shall promptly provide for an injured employee such medical, surgical or other attendance * * * for such period as the

nature of the injury or the process of recovery may require. If the employer fail to provide the same, after request by the injured employee such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so. * * *.'' There is a further provision requiring a twenty-day report by the physicians giving treatment, which has no application to this case, inasmuch as the failure to give such notice has been excused by the Industrial Board. Also in section 33 of the Workmen's Compensation Law is this: '' Compensation and benefits shall be paid only to employees or their dependents.'' The statute provides no means by which a claim for medical attendance furnished by the employer could be brought before the Board, except in connection with a claim for compensation by the injured employee (*Sandberg Case*, 215 App. Div. 728); and if it appeared in such case that the employer had furnished such medical attendance, an award therefor could not be made.

But we think a different question is presented in this case. The facts are undisputed. The employee had retained his own physician. The employer furniture company knew of the accident. When the employer's representative was informed that the injured employee had his own physician, and was asked if this was right, he replied it was '' perfectly all right.'' Again, '' I told him to use the doctor and do the best he can.'' The employer did nothing further toward providing a doctor. We think it failed to provide medical attendance within the meaning of section 13. It approved the employment of the doctor by the claimant. This approval was not the equivalent of providing medical attendance. We have in effect held this in *Shine* v. *Becker, Moore Co.* (213 App. Div. 606). That case is cited in the departmental pamphlet publication on the Workmen's Compensation Law under section 13 as authority for the proposition, '' If authorized by the employer, services of the mother, brother or other relative as a practical nurse is compensable.'' Consenting that the employment of a doctor by an employee be continued is the equivalent of consenting that the doctor should be paid by the employee and the amount of the doctor's bill should be subject to the approval of the Industrial Board. (Workmen's Comp. Law, § 24.) The employer in this case has voluntarily surrendered the control of the doctor and of his fees. The award was rightly affirmed.

The appellants suggest that, under this ruling, the employers and carriers have the right to protect themselves by refusing to

authorize any medical services except those of their own doctors, and that such practice would be harmful or unsatisfactory in many cases. The practice may result unsatisfactorily, but we may not amend the statute. Of course this employer, had it chosen so to do, could have employed this same physician and contracted with him as to fees; or it could have refused consent and tendered the services of another. We have held that, where a claimant has a physician of his own selection, the employer is not neglectful if he fails to provide a physician; he is not called upon to tender a substitution of his physician for the one claimant has chosen. (*Matter of Koch* v. *Lehigh Valley R. R. Co.*, 217 App. Div. 280; affd., 244 N. Y. 578.) However, if a demand is made upon him for medical attendance, even though the employee has engaged the services of a physician, he must tender the services of another or employ the physician already engaged if he would avoid liability. If such tender is refused, he could not be held liable for medical attendance. If he simply consents that a physician chosen by the employee shall continue to care for claimant, he has failed to provide medical attendance; his act is one of benevolent neglect.

We do not think that the amendment of 1927 has changed the rule in the *Sandberg* case.

The motions, therefore, should be denied.

All concur.

Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied.