A. J. SPRAGUE, Plaintiff, *v.* FLOYD SPENCER, Defendant.

Supreme Court, Otsego County, September 28, 1939.

*James J. Byard, III,* for the plaintiff.

*Flaesch & Latham* [*Livingston S. Latham* of counsel], for the defendant.

GOLD (A. E.), J. The action is to recover for professional services and these are cross-motions for summary judgment.

Plaintiff is a Swedish masseur. Defendant, while working for the Texas Company, was injured in an accident which concededly arose out of and in the course of his employment and he was awarded compensation. Medical treatment was furnished by the insurance carrier, Maryland Casualty Company. The attending physician advised Swedish massage and baths, and with the carrier's acquiescence sent defendant to the plaintiff for that purpose.

Plaintiff gave eleven massages and ten sulphur baths and submitted his bill. The carrier refused to pay, claiming that the baths were unauthorized and also that the charges were in excess of the fee schedule for treatment of this kind established by the State Industrial Commissioner, pursuant to subdivision (a) of section 13 of the Workmen's Compensation Law.

The carrier, in accordance with subdivision (2) of section 13-g of the Workmen's Compensation Law, offered to arbitrate. That section, so far as material, provides as follows: " If the parties fail to agree as to the value of medical aid rendered under this chapter such value shall be decided by an arbitration committee consisting of two physicians designated by the president of the medical society of the county in which the claimant resides, and two physicians, also members of the Medical Society of the State of New York, appointed by the employer or carrier."

Plaintiff refused, taking the stand that this provision covers medical aid only when rendered by a physician. The carrier remaining adamant, he now seeks payment from the employee. His theory is that the treatments were furnished at the defendant's request and upon his promise, express or implied, to pay therefor.

It is clear that the plaintiff cannot recover. The duty to furnish and pay for medical treatment is exclusively upon the employer. The employee is not liable. " The employer shall promptly provide for an injured employee such medical * * * treatment * * * for such period as the nature of the injury or the process of recovery may require. The employer shall be liable for the payment of the expenses of medical * * * treatment * * * necessitated by the injury of an employee." (Workmen's Comp. Law, § 13, subd. [a].)

The reason is plain. " The medical care which the employer must furnish is part of the statutory compensation of the workman." (*Szold* v. *Outlet Embroidery Supply Co.*, 274 N. Y. 271, 279; *Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253 id. 324, 329.)

The facts show that the plaintiff looked solely to the carrier for payment, although he denies it. The result would not be affected in any event. The statutory mandate is explicit. " No physician rendering treatment to a compensation claimant shall collect or receive a fee from such claimant within this State, but shall have recourse for payment of services rendered only to the employer under the provisions of this chapter." (Workmen's Comp. Law, § 13-f, subd. [1].)

It seems certain that physiotherapists are included in this provision, although only physicians are mentioned. It is true that the word " physician " usually refers to a doctor of medicine and surgery. It may also mean, however, any person authorized to treat diseases or injuries or their consequences. That such is the meaning here is clear.

The entire purpose of the Workmen's Compensation Law is to shift the burden of accidental injury from the workman to the industry itself. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544.) Part of the burden, and a substantial part, is the necessity for medical care following injury. Adequate care in modern times may embrace more than medicine and surgery. That others may furnish valuable supplementary assistance is a matter of common knowledge. The medical profession has been the first to acknowledge and welcome it. It cannot be that the Legislature intended to relieve the workman of all the consequences of industrial injury, and still compel him to assume part of the expense of medical treatment because not given by a doctor but yet by one authorized to render it.

The legislative purpose to the contrary is apparent from the provisions which specifically recognize physiotherapy as an approved form of treatment. Subdivision 1 of section 13-b of the Workmen's Compensation Law provides that a registered physiotherapist may

give treatments under the supervision of an authorized physician. Subdivision (5) of section 13-a provides that no claim for physiotherapeutic procedures costing more than twenty-five dollars shall be enforcible unless authorized by the employer or the Industrial Commissioner. Finally, such physiotherapeutic procedures are covered in the schedule of minimum fees prepared by the Industrial Commissioner, pursuant to subdivision (a) of section 13 of the law. (See schedule effective May 15, 1938, " Physical therapy, inclusive of any and all modalities....$2.00.")

It follows that the plaintiff must look to the employer for payment, the insurance carrier being simply the employer's representative in discharging the duty. (*Hyman* v. *Hudson Contracting Co., Inc.*, 152 Misc. 7.) The result would be different if the defendant had forfeited his right to medical treatment by failing to request it and had then incurred the obligation upon his own responsibility. (*Kennedy* v. *Dzengielowski*, 131 Misc. 635; affd., 225 App. Div. 845; affd., 251 N. Y. 520.) There is no such claim here.

Whether the plaintiff must accede to the carrier's demand for arbitration need not now be decided. Subdivision 4 of section 13-a of the Workmen's Compensation Law covers " medical or surgical treatment," and from what has already been said, it seems probable that physiotherapeutic services are included.

The defendant's motion for summary judgment is granted, with ten dollars costs. Submit order.