Robert L. BIRSCHKUS, Employee,
Plaintiff-Respondent,

v.

KREY PACKING COMPANY, Employer and
Self-Insurer, Defendant-Appellant.

No. 33743.

St. Louis Court of Appeals,
Missouri.

Feb. 23, 1971.

R. C. Reis, St. Louis, for defendant-appellant.

Harry J. Nichols, St. Louis, for plaintiff-respondent.

BRADY, Presiding Judge.

The single issue presented in this appeal is whether there is substantial and competent evidence to support the finding of the Industrial Commission that Krey Packing Company failed to provide the claimant necessary medical and hospital treatment.

While the claimant was working under a chain which conveyed hogs at the employer's plant, on a Tuesday, a piece of the chain broke and hit him on the right side of the head causing blood blisters and scratches to appear. The claimant was stunned and knocked halfway down. He went to his foreman and was sent to the employer's dispensary. After a wait of about forty-five minutes he saw the company doctor. He complained of pain in his head and that his neck was stiff. The doctor gave him a heat treatment for his neck and he was told to report back to work. He started to do so but was having such severe pain that he went back to the doctor and told him: "* * * I didn't get hit in the neck, I got hit in the head." He was then sent out of the plant to have x-rays made of his head. He did not return to work. On Wednesday he returned to the doctor's office at the plant and was given some pills for headache pain. He did not work that day and suffered from headaches and was vomiting throughout the day. This continued through Thursday. On Friday he reported for work but testified that his headaches were so bad that he had to stop work about 1:00 o'clock. He went to the dispensary and told the nurse he was going home and she gave him some more pills. When he reached home he lay down but was having severe headaches and was "throwing up pretty much." He could not keep his meals down. Saturday and Sunday he was in a similar situation. The same was true Monday and he did not go to work. About 12:30 Tuesday morning his wife put him in the car and took him to a private physician who examined him, gave him a treatment for his neck and a prescription for his headaches. His condi-

tion persisted and his wife took him back to his private physician. His headaches and vomiting continued and his private physician sent him to a Dr. Schaerer at Missouri Baptist Hospital. He was admitted to the hopsital where he remained for thirteen days.

In addition to substantiating the claimant's testimony as to his vomiting and general condition, his wife testified that the Tuesday she took claimant to the hospital was also the day she made her first contact with the employer. She talked to a man in the personnel department stating that her husband was "violently ill" and that she had taken him to the family doctor. The personnel office directed that the call be transferred to the nurse and claimant's wife repeated to the nurse that the claimant was "violently ill" and that she had contacted the family doctor. Her testimony was the nurse told her "he was under the care of the company doctor, * * *." The claimant's wife did not request any medical aid at that time nor was any offered. The next contact she had with the employer was the day after claimant was admitted to the hospital when she again called the dispensary and told the nurse the details about her husband being in the hospital. The claimant never personally discussed going to the hospital with any representative of the employer nor did he ever ask that he be sent to the hospital. His wife never requested medical or hospital aid for him.

■ There was an award for temporary total disability and for permanent partial disability in this case. Absent a finding of compensable disability the employer is not required to pay medical expenses.

Dixon v. Art Bunker Motors, Inc., Mo. App., 387 S.W.2d 199.

In those portions of § 287.140, subd. 1, V.A.M.S., pertinent to this appeal it is provided: "In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first one hundred eighty days after the injury or disability, to cure and relieve from the effects of the injury, and thereafter such additional similar treatment as the division or the commission by special order may determine to be necessary." The duty of the employer to provide the treatments required by this portion of the statute has been held to be unqualified and absolute. Wilson v. Emery Bird Thayer Co., Mo.App., 403 S.W.2d 953, l. c. 957, and cases there cited. This court has held that where the employer has notice of a compensable injury and an opportunity to furnish medical aid, an election by an employee to select his own physician at his own expense must be shown to excuse compliance. Reeves v. Fraser-Brace Engineering Co., 237 Mo.App. 473, 172 S.W.2d 274, l. c. 282 [9].[1]

We find no such election in the facts in the instant case. The employer's contention is that considering the claimant knew from his visits there the employer (quoting from employer's brief) "* * * maintains a dispensary in charge of a registered nurse during normal operating hours and has a physician and surgeon on call at all times * * *", when claimant's wife notified the employer he was under the care of another physician it amounted to an election. We cannot agree. The correct rule is stated in Schutz

---

1. Contrast Kopolow v. Zavodnick, Mo.App., 177 S.W.2d 647, l. c. 653 [5], and Moorman v. Central Theatres Corporation, Mo. App., 98 S.W.2d 987, l. c. 992 [7], held in Slider v. Brown Shoe Co., Mo.App., 308 S.W.2d 306, to be cases where the claimant had rejected the medical or hospital aid offered by the employer. Gonzales v. Johnston Foil Mfg. Co., Mo.App., 305 S.W.2d 45, and Sams v. Hayes Adhesive Co., Mo.App., 260 S.W.2d 815, are other examples of a claimant's rejection of medical or hospital aid offered by an employer.

v. Great American Ins. Co., 231 Mo.App. 640, 103 S.W.2d 904, l. c. 910, as follows:

" 'Where the employer has neglected or refused to provide the necessary services or treatment, or has consented affirmatively, or his consent is to be inferred from his inaction, to selection by the employee, or, having knowledge of such selection, has interposed no objection, or where the physician selected by the employer is not available when required, the employee may make his own selection, the fees and expenses to be charged to the employer if they are reasonable.' 71 C.J. p. 780." In the instant case the employer's consent is to be inferred from its inaction and lack of objection to the treatment which claimant's wife told the employer her husband required and was receiving in the hospital from the family physician and other medical experts. This is particularly true in view of the nature of the treatment afforded by the employer when contrasted to the information of the claimant's ailments as given it by claimant's wife. In Schutz v. Great American Ins. Co., supra, Weisberg v. Alexander Bros. Furn. Co., 235 App.Div. 57, 256 N.Y.S. 1, was quoted with approval and the portion of the Weisberg opinion noted below was italicized. Not only what was said but the emphasis should be repeated in the instant case. It reads: " '*If he simply consents that a physician chosen by the employee shall continue to care for claimant, he has failed to provide medical attendance; his act is one of benevolent neglect.*' "

A question relating to the claim for medical benefits is one of fact for the commission. Gonzales v. Johnston Foil Mfg. Co., supra. There was substantial and competent evidence to support the finding of the Industrial Commission.

There is no contention advanced by appellant that the charges were in any way unreasonable. The judgment is affirmed.

DOWD and WOLFE, JJ., concur.