OPINION OF THE COURT
Scott Fairgrieve, J.
*542 Issues
Can a medical provider recover payment from an injured worker who received a lump-sum settlement award from the State of New York Workers’ Compensation Board where the medical provider has failed to follow the requirements of the workers’ compensation statutes, rules and regulations?
Can the medical provider use Workers’ Compensation Rules and Regulations (12 NYCRR) § 325-1.23 as a basis of liability where the medical provider fails to obtain permission from the Workers’ Compensation Board to treat an injured worker?
Is the defendant liable based upon an account stated?
Facts
Plaintiff has moved for summary judgment to recover the sum of $10,010.56 for professional services rendered to defendant based upon breach of contract (first cause of action) and account stated (second cause of action).
In support of plaintiffs motion, plaintiff submits the affidavit of David Zelefsky (officer of Valley Rehabilitation), who contends that defendant received physical therapy services from plaintiff from June 4, 1997 to July 14, 1998. According to the affidavit of Mr. Zelefsky, defendant executed the following agreement to be personally responsible for the fees charged by plaintiff under the following circumstances:
“In the event that I fail to prosecute the claim for Workers’ Compensation for this illness or condition or it is determined by the Workers’ Compensation Board that the illness or condition is not a result of a compensable Workers’ Compensation case, I, /s/ Lynda Cash , hereby agree to pay Dr._ (address) _his usual and customary fees for services rendered to the above named claimant in the above identified case. “Date 6/4/97; Signature /s/ Lynda Cash.”
Plaintiff states that it cooperated with defendant’s attorney, Mr. Alberts, by providing medical reports for defendant’s workers’ compensation hearing. Defendant received an award of $12,500 in September 2001.
Plaintiff requested payment from defendant on September 26, 2001 in the amount of $10,010.56. Plaintiff contends that further letters were sent to defendant’s attorney’s office on January 24, 2002 and February 13, 2002 requesting payment. *543 Plaintiff contends that no objection was received from defendant concerning the billing. Thus, plaintiff states that defendant is personally liable based upon the agreement executed.
Defendant claims that no sums are owed to plaintiff for several reasons. Defendant’s attorney sent numerous letters objecting to plaintiff’s claim. On September 18, 2001, a letter was sent stating that no approval was received for the treatment rendered to defendant and no proper forms were filed with the carrier. Defendant’s attorney, Mr. Alberts, further writes, “Additionally, it is unfair to bill the claimant for services rendered without approval, and violation of the statute.”
Mr. Alberts also forwarded a letter, dated February 19, 2002, objecting to the plaintiffs claims. This letter states in part:
“It is my understanding that none of those services were authorized by the carrier. As a doctor who practices workers’ compensation, and who is coded by the Workers’ Compensation Board, you should be aware that authorization by the carrier is required before you can provide physical therapy services above the threshold amount. As you are also well aware, Board Rules require that you send copies of reports, including requests for authorization, to the Board, to the carrier, and to the claimant’s legal representative, in this case, myself. Apparently, you treated the claimant and somehow had [led] her to believe, that the services were appropriate. You did not disclose the fact that the services were not authorized, according to Board Rules, and that the claimant might be liable for payment in the future. Given the fact that you did not inform the claimant, and given the fact that you violated Board Rules, I am of the opinion that the claimant is not responsible for this bill.”
Mr. Alberts sent a further letter on July 12, 2002, addressed to Independent Recoveries, Inc., stating that payment would not be made because:
“It appears that Valley Rehabilitation & Medical was not paid for their services because they did not follow the Board Rules and the statute. Physical therapy must be approved by the carrier and although, I have been representing the claimant for many years, I have not received proper reports with requests. It is improper for them to provide services to a lay claimant who has no knowledge of the stat *544 ute, and then try to collect for services rendered improperly and unlawfully. They are also required to submit reports in a timely fashion and evidently those reports were not submitted in a timely fashion.
“The law also requires submission of reports, not only to the carrier and to the Board, but copies to myself, the claimant’s legal representative. This was not done.
“Since you are the agent of Valley Rehabilitation & Medical Complex, I suggest that you consider your position carefully, because I am about to file a formal complaint with the Attorney General, with the Workers’ Compensation Board, and with the Department of Health. I will do this in thirty days unless all attempts to coerce the claimant into paying for services rendered unlawfully, ceases.”
On August 30, 2002, another letter was sent, again stating that payment would not be forthcoming because plaintiff didn’t follow the rules and procedures required by the workers’ compensation statute for filing the claim and obtaining the necessary authorization by the carrier.
Decision
Workers’ Compensation Rules and Regulations (12 NYCRR) § 325-1.23 permits an authorized doctor to obtain an agreement (such as the one in this case set forth above) from a claimant providing that he or she will be liable in the event that: (a) the claimant fails to prosecute a workers’ compensation claim; or (b) that the claimant’s illness or condition is determined by the Workers’ Compensation Board not to be covered by workers’ compensation.
In the case at bar, the evidence demonstrates that the foregoing conditions were never met which would entitle plaintiff to recover any sums from defendant. The facts demonstrate that defendant did make a workers’ compensation claim which was determined to be covered by the workers’ compensation statute.
The plaintiff is required to collect any fees owed for medical services rendered from the employer (carrier) and not from the claimant. (See, Ellis Hosp. v Symonds, 96 Misc 2d 643 [Saratoga County Ct 1978]; Tandet v Levolite Co., Inc., 22 NYS2d 557 [App Term, 1st Dept 1940]; Sprague v Spencer, 172 Misc 123 [Sup Ct, Otsego County 1939]; 109 NY Jur 2d, Workers’ Compensation § 106.)
*545 Plaintiff failed to properly file the necessary documentation to obtain approval for its treatment of the defendant through the framework set up by the Workers’ Compensation Board. Any billing exceeding $500 for physical therapy must be specifically approved, which plaintiff failed to accomplish. Plaintiff is trying to circumvent the mandates of the workers’ compensation statutory framework by relying upon an agreement which has no relevance to the factual posture of this case. (See, Workers’ Compensation Law § 13-f; Workers’ Compensation Rules and Regulations § 325-1.4.)
There cannot be an account stated because plaintiff failed to properly file the necessary forms and obtain approval for the medical services rendered. Furthermore, the court finds that defendant timely objected to the bills and, thus, no account stated was established. (See, Wayne County Vinegar & Cider Corp. v Schorr’s Famous Pickled Prods., 118 Misc 2d 52 [Civ Ct, Kings County 1983].)
Based upon the foregoing, plaintiffs claim is barred and the action dismissed with prejudice.